1841.

RAY
v.
CONNOR.

---

### RAY v. CONNOR.

A motion can only be repeated on new grounds and not upon mere additional
or cumulative papers.

A party in a litigated suit must be vigilant or a court will not relieve him.

A decree is not to be varied or altered materially on motion or petition.  A
rehearing is necessary.

---

*April* 27,
1841.

*Practice.*
*Motion re-*
*newed.*
*Vigilance.*
*Decree.*

MOTION to open a decree made by the assistant Vice-Chan-
cellor and to strike out a clause thereof and· to let the defen-
dant in to make a defence.

Proofs had been closed in the month of January, one thou-
sand eight hundred and forty ; and a decree was taken by de-
fault on the twelfth of February in the same year.   After this
a motion had been made to open the decree which, on hearing,
was refused.   Another attempt, to the same effect and with
the like result, was made in April afterwards.   An appeal was
taken, but the order refusing the application was affirmed.

Mr. *Edmonds,* for the present motion.

Mr. *Sandford,* contra.

*October* 11.

THE VICE-CHANCELLOR :—The decree in this cause by the
assistant Vice-Chancellor on the twelfth day of February, one
thousand eight hundred and forty, having been taken by de-
fault, it was competent for this court to set it aside on motion
or petition and to let the defendant in to take proofs and make
a defence.   A motion to that effect was made and denied on
the fourth Tuesday of February, one thousand eight hundred
and forty.   Another motion, for a similar purpose, was made

in April following and again denied ; and on an appeal from the order denying that motion, it was affirmed by the Chancellor on the twenty-fifth day of July, one thousand eight hundred and forty. And now, another motion is brought forward to open the decree or so to modify it as to strike out one clause. The object of opening the decree will be to let the defendant in to take proofs, which he neglected to do in time ; and without proofs he cannot expect a different decree.

One objection to the granting of the present motion is, that it is made upon the same ground and for the same purpose as the former motions, which have been denied without any leave to renew it. This objection appears to be well taken. A motion cannot be repeated except on some new ground ; and affidavits, which merely present additional or cumulative evidence on the points before presented, are not to be considered as showing new grounds for the motion ; *Hoffman* v. *Livingston*, 1 J. C. R. 201 ; *Dunham* v. *Winans*, 2 Paige's C. R. 24 ; and such is the present case. The affidavits now read are but an amplification of some of the grounds of the two former motions. There is nothing now presented, except it be the additional evidence of facts which he then wanted to have an opportunity of introducing in his defence and which was then, under the circumstances, denied him. He may suffer great injustice by this denial, but there must be an end to every litigated suit ; and if a party will not be vigilant in its prosecution or defence and will suffer the time to go by for the production of his proofs without a sufficient excuse, he must not afterwards complain. On the former occasions, it was considered that the defendant had not shown a sufficient excuse for his omission to produce and examine witnesses on his part or that, so far as his affidavits went in that respect, they were successfully explained away by the opposing affidavits ; and although on the present occasion the affidavits show that, if the facts and circumstances therein disclosed had been given in evidence, a very different decree might and probably would have been made, yet no reason is shown why the witnesses were not examined and their testimony produced on the hearing. The facts were known to the defendant and he could not but have been aware, as well then as now, who to call upon as witnesses to prove them. Nothing but diligence on his part was wanting,

and the want of diligence or attention to his rights in a matter of this sort cannot be received as an excuse. The decree cannot, therefore, be opened or set aside.

Then, as to the second branch of this motion, namely, to strike out one clause of the decree. This part of it the defendant complains of as being prejudicial to his rights and the complainant deems it essential to have that part of the decree performed as necessary to give him the full benefit of what is decreed. It cannot, therefore, be regarded, as an immaterial and mere formal part of the decree; and the rule is not to vary or alter a decree in a material part on motion or petition. A rehearing should be had for such a purpose. A decree cannot be varied in substance on petition without a rehearing: *Clark v. Hall,* 7 Paige, 382.

*Motion denied; and costs to be taxed with the costs in the cause.*