Willet *v.* Fayerweather.

SAME TERM. *Before the same Justice.*

WILLET *vs.* FAYERWEATHER.

A motion once made cannot be renewed, upon the same papers, or on the same facts, without leave.

The new matter which will alone justify the renewal of a motion, without leave, must be something which has happened, or for the first time come to the knowledge of the party moving, since the decision of the former motion.

Leave to renew a motion made by a defendant, for liberty to withdraw his plea, and file an answer, will not be granted, where the testimony has been taken, and the proofs closed as to the matters set up in the plea, and where, since the plea was put in, an important witness in regard to the new defence sought to be set up by answer has died.

Nor will such leave be granted after a co-defendant has, in his answer, set up the same defence which the plea asserts, and the testimony on both sides has been closed on that issue.

A defendant, after virtually trying one defence and failing in it, will not be allowed to withdraw the same, and set up one entirely different.

In Equity. This was an application by the defendant, for leave to withdraw a plea, and file an answer. The defendant is administrator of S. Price, deceased, against whom the plaintiff had recovered a judgment previous to his decease. The plaintiff filed his bill in this cause, which charges the defendant with colluding with another judgment creditor of the intestate to give him a priority over the plaintiff's judgment, contrary to equity. The defendant interposed a plea, alleging that the plaintiff, being a solicitor of this court, purchased the judgment in question for the purpose of bringing a suit thereon, contrary to the statute. (2 *R. S.* 288, § 71.) Issue was joined upon the plea, and proofs were taken by the parties. On the 10th of May, 1847, the defendant applied to the vice chancellor for leave to withdraw his plea and file an answer; which motion was denied, without reserving to the defendant the right to renew it. It was not alleged that any new facts had occurred since the filing of the plea, to render it necessary to withdraw the plea. But it appeared from the affidavits read in opposition to the motion, that since the plea was put in, one of the plaintiff's most material witnesses had died.

*C. Edwards*, for the defendant.

*H. S. Dodge*, for the plaintiff.

Edmonds, J. The language of the chancellor in *Hoffman* v. *Livingston*, (1 *John. Ch. Rep.* 211,) and of the vice chancellor in *Ray* v. *Conner*, (3 *Edw.* 478,) explicitly condemns this motion.(a) The "new matter" which will alone justify the renewal of a motion, without leave, must be something which has happened, or for the first time come to the knowledge of the party moving, since the decision of the former motion. Such is not this case. Every ground on which this application is founded existed at the time of the former motion, and was

(a) See also *Ray* v. *Conner*, (3 *Edw.* 478;) *Dollfus* v. *Frosch*, (5 *Hill*, 493;) *Powell* v. *Tuttle*, (10 *Paige*, 523;) *Mitchell* v. *Allen*, (12 *Wend.* 290.)

then as well known to the defendant as it is now. This motion cannot, therefore, be allowed to be made without disturbing well settled and salutary rules.

Besides, if this were to be regarded as an application for leave to renew the motion, there are two reasons, which according to the practice of the court, would forbid its being granted. One is, that an important witness, not necessary for the plaintiff on the plea, but very material to him in regard to the defence set up in the answer, has died since the plea was put in. The plaintiff therefore might be irreparably injured by granting this motion.

The other reason is, that this application has not been made until after the other defendant has in his answer set up the same defence which the plea asserts, and the testimony on both sides has closed on that issue. To allow this motion, then, would be to permit the defendant, after virtually trying one defence and failing on it, to withdraw that and set up one entirely different. I am not aware of any case in which that has been allowed; and the practice seems to me to be fraught with too much danger to be sanctioned by this court.

The motion must be denied.