# SUPREME COURT.

## SNYDER agt. WHITE.

An answer denying "knowledge or information sufficient to form a belief" of a material fact alleged in the complaint, forms a good issue, upon which the plaintiff holds the affirmative; and which gives to the defendant, on the trial, all the benefits of introducing proof which he would have on a positive denial. The Code makes no difference whether the proceedings are verified or not. (*This agrees with the Genesee Mutual Ins. Co.agt. Moynihen, 5 How. Pr. R.* 321).

An *amended* answer which, though in form and phraseology, different from the original, but in its *legal effect*, amounting to the same thing, will be stricken out on motion.

*It seems*, that after issue, notice of trial, and an examination of a witness under § 391 of the Code, the defendant can not amend his answer, without application to the court.

The decision of a *motion* is never regarded in the light of *res adjudicata.* As a matter of settled practice, however, it can not be renewed on the same or additional facts, without leave of the court.

*Monroe Special Term and Circuit, November* 1851. *Motion to strike out amended answer.* The action is on two promissory notes, made by the defendant, dated August 22d 1848, payable to Richard Lusk and Charles Toll, assignees of D. C. Lusk & Co. or bearer; one for $100, payable July 1st, 1850, and interest annually; the other for $90·21, payable to the same persons, September 1st 1850. The complaint was verified January 27th, 1851, and alleges that the notes were duly transferred to the plaintiff, and that he is the holder and owner thereof.

The defendant put in an answer which was verified July 26th, 1851, in which the making of the notes was admitted; that as to the transfer of the notes to the plaintiff, and as to his being the holder and owner of them, the answer stated that the defendant had no knowledge or information sufficient to form a belief. It also set up the defence that the defendant was an infant at the time of the execution of the notes.

On the 30th August 1851, the plaintiff put in a reply, alleging a new promise after the defendant became twenty-one years of age, and on the same day the action was noticed for trial by the

Snyder agt. White.

plaintiff's attorney. On the 13th of September following, the defendant examined the plaintiff as a witness, before the county judge of Wayne county, in relation to matters involved in the issue under § 391 of the Code; after which, and before the circuit at which the action was noticed for trial, and about the 15th of September 1851, the defendant's attorney served the plaintiff's attorney with an amended answer, admitting, as in the first answer, the execution of the notes, and in like manner denying knowledge or information, sufficient to form a belief, as to whether the notes had been transferred to the plaintiff, or whether he was the holder or owner thereof. It also set up the defence of infancy as before. It then set forth in substance, as a further answer to the complaint, the following matters, viz: that the payees of the notes were still the owners thereof as assignees of Dewitt C. Lusk & Co. and that all transfers of them by the payees or any other person, were colorable merely and made with a view of placing the notes beyond the reach of the creditors of D. C. Lusk & Co. and of hindering, delaying and defrauding the creditors of the latter, of whom the defendant was one. That there had been in form a transfer of the notes to the plaintiff by one William Vangorder, which was colorable merely, passing no title to the plaintiff; and that the only right, title or interest of the plaintiff to the notes is from or through such or some other merely colorable transfer, and which was made after the notes were due; that Vangorder, or the person making any transfer of said notes to the plaintiff, had no title thereto or authority to make such transfer, or any interest in said notes. That said notes at the time they were executed, constituted a portion of a fund in the hands of said payees, for the payment of the creditors of D. C. Lusk & Co. and at the same time the defendant was, and continued to be one of their creditors, having an interest in said fund; and that the plaintiff, or any previous holder or owner of said notes, was not and had not been a purchaser thereof in good faith, or for a valuable consideration.

The foregoing are the facts shown by the plaintiff, upon which he moves to strike out the amended answer for irregularity, on the ground that after the defendant examined the plaintiff as a witness, he had no right to amend his answer, and also on the

Snyder agt. White.

ground that the amended answer is identical in legal effect with the original answer.

On the part of the defendant it is shown, among other things, that the examination of the plaintiff before the county judge was had with the view solely to the discovery of new facts not in issue at the time of the examination. That at the Wayne circuit, held on the 21st day of October 1851, a motion was made in behalf of the defendant to strike the cause from the calendar, on which it had been placed pursuant to the notice of trial before mentioned. That such motion was based solely upon the ground of the regularity of the amended answer, and of there having been no reply thereto. That the motion was resisted by plaintiff's counsel, on the ground among others, that the defendant had examined the plaintiff as a witness, before the county judge, after issue joined upon the original pleadings, and that the amended answer was the same in legal effect as the original. That the circuit judge granted the motion, and struck the cause from the calendar, exclusively upon the grounds upon which the motion was based. It also appeared that after receiving the amended answer, and on the 17th September, aforesaid, the plaintiff's attorneys served upon the defendant's attorney a notice that they declined receiving the amended answer, for the same reasons (specifying them) as those for which this motion is now made. On the 21st October the defendant's attorney gave a stipulation, allowing the plaintiff's attorneys twenty days to reply or demur to the amended answer, or to move the court for leave to amend or strike out the amended answer, or any part thereof. This motion is made within the twenty days allowed by the stipulation for that purpose.

J. C. SMITH. *for the Plaintiff.*

WM. PORTER, *for the Defendant.*

WELLES, Justice.—The motion to strike out the amended answer must be granted. I agree with the plaintiff's counsel, that it is identical, in legal effect, with the original answer. The issue upon the question of the transfer to and ownership by the plaintiff of the notes upon which the action is brought, was well and sufficiently formed by the first answer. In the case of the

Genesee Mutual Insurance Co. agt. Moynihen (5 *How. Pr. R.* 321), I held that an answer to a material fact stated in the complaint, denying sufficient knowledge or information thereof to form a belief, made a good issue, upon which the plaintiff held the affirmative, and which it was incumbent upon him to prove. Subsequent reflection has confirmed me in the correctness of that decision. This form of an answer is given by section 149 of the Code, and is a mode of denial, where the party is ignorant of the fact alleged, and can not safely deny the allegation, and is not bound to admit it, either in terms, or by omitting to answer. It is peculiarly proper, under such circumstances, where the pleading, as in the present case, is required to be verified. The Code, however, makes no distinction in this respect, whether it is, or is not verified.

If, then, an issue is formed by such a denial, it only remains to be determined by the proof, whether the fact thus put in issue, is or is not true; and there can be no doubt, I think, but that the party thus pleading, would have all the benefit upon the trial, and the same right to introduce evidence, that he would have in case the fact had been directly and positively denied. Otherwise, it seems to me, there would be no use or meaning in the section giving this form of denial. The original answer in this case, put directly in issue the facts of the transfer of the notes to the plaintiff, and the ownership of them by him. The amended answer, in so far as it differs from it in language and form, does no more; unless it is in the allegation that the defendant is one of the creditors of D. C. Lusk & Co., and that I regard as totally immaterial. Upon the facts set up in the alleged new matter of the amended answer, it can not be denied that the defendant is liable to pay the whole amount of the notes, upon the assumption that he is a creditor of D. C. Lusk & Co. He clearly could not, in an action by the payees, set off, or recoup, any claim he has against them, even if he had, in his answer, claimed such set off, or right to recoup, which he has not done. According to the case made by the answer, the defendant is bound to pay the notes; after paying them, he might come in for a dividend of the trust fund. Admitting the payees have transferred the notes, either with or without consideration, so as to have lost their claim upon their

Snyder agt. White.

proceeds, or have received the full amount on a sale and transfer of them, the most that can be said is, that they are liable to account for the amount of them to the *cestui que trust*. That would, of course, be the extent of their liability in relation to the notes, in case the defendant had paid them to the payees. It seems clear, therefore, that the allegation, that the defendant is one of the creditors of D. Lusk & Co. does not strengthen the answer, or vary its legal effect as a defence in this action; and the sum and substance of that part of the amended answer, is that the plaintiff has not sufficient title to the notes to enable him to sustain the action upon them. As before shown, a good and perfect issue was formed upon that question by the original answer.

As the foregoing views dispose of the motion, it is not necessary to consider the question of the regularity of the defendant in amending his answer after the examination of the plaintiff before the county judge. If it were necessary, I should have no hesitation in saying that the defendant had no right to amend of course, under § 172 of the Code. Issue had been joined, the action noticed for trial, and the taking of proofs commenced under § 391. He could only amend, after that, by leave of the court. The object and meaning of that section was to enable the party to examine his adversary as a witness, for the purpose of using the evidence upon the trial of the issue; and it does not lie with the defendant, now to allege that he procured the examination to be had for any other purpose.

Under the liberal powers lodged in the court, in relation to amendments, the defendant would probably be allowed to amend his answer in this case, on application to the court, and upon terms, provided such amendment was shown to be necessary.

I do not regard the decision of the circuit court, in striking the cause from the calendar at the Wayne circuit, as at all in the way of the present application. The decision of a motion is never regarded in the light of *res adjudicata*, although, as a matter of orderly practice, the court will not usually allow a motion, once made and decided, to be renewed on the same facts, nor upon additional facts, without leave first obtained. But this is not that case. Various good reasons might have existed for striking the case from the calendar, which should have no

influence upon this motion; and this court can not now listen to representations of counsel, as to the reasons which, in fact, governed the circuit court in making its decision.   It is sufficient that the motion was entirely different in its nature and object, from the present one, and the object now sought by the plaintiff could not regularly have been attained on the defendant's motion to strike from the calendar.

The motion to strike out the amended answer is granted, with ten dollars costs.