By the Court, Robertson, Ch. J.
It is now claimed that no fact appeared upon the face of the papers upon which the' last motion was made, different from those-, on which the first motion to vacate the order of arrest was denied, or that if there were any, no. excuse is given for not furnishing them on the first- motion. This, of course, raises the question of the propriety .of the grant of leave to renew the prior motion, or, perhaps, rather, to vacate the previous order made on such motion. It is undoubtedly true, as a general rule, that summary applications by motion cannot be made over again on the same facts, any more than a case can be tried repeatedly. (Fenton v. Lumberman’s Bank, Clarke, 360. Mills v. Thursby, 11 How. Pr. 114.) Hew matter, however, which has come to the knowledge of the party, or happened since the making of the first order, provided' it'be not mere cumulative or additional evidence of the same kind, (Ray v. Connor, 3 Edw. 478,) is enough. (Willet *617 v. Fayerweather, 1 Barb. 72. Cazneau v. Bryant, 6 Duer, 668.) Slight variations in the form of the motion, or the character of the relief asked for, seem to be sufficient (Bounell v. Henry, 13 How. Pr. 142; Frost v. Flint, 2 id. 125,) to allow a substantial renewal. In Snyder v. White, (6 How. Pr. 321,) it is said the decision of a motion is never regarded as “ res judicata;” but that, as a matter of orderly practice, leave must first be obtained to renew it. And in White v. Munroe, (33 Barb. 650; S. C. 12 Abb. 357,) it was held that even on the same papers, a motion might be reheard, but only on special occasions^ such as the prevention of a failure of justice— for instance, when the order is unappealable. In the court of last resort, after a decision is made, even upon the merits, a reargument may be had, so long as they have not parted with the control of the case, (Hoyt v. Thompson’s ex’r, 19 N. Y. Rep. 207; Rule 28 Court of Appeals,) and a rehearing is granted in inferior courts, where the circumstances call for it. (Bank of Geneva v. Reynolds, 20 How. Pr. 18.) But in cases of renewal of motions, the decision of the judge on the previous motion, on controverted questions of fact, ought to be respected. (Skinner v. Oettinger, 14 Abb. 109; Union Bank v. Mott, 6 id. 315.) Leave to renew seems to have such, effect upon the original order as to prevent the hearing of an appeal therefrom while the order giving leave remains in force. (Peel v. Elliott, 16 How. Pr. 483.) If, therefore, the decision of a motion is not to be considered, as a res judicata, as held in Snyder v. White, (ubi supra,) and there are special occasions in which they may be reheard on leave, as held in White v. Munroe, (ubi supra,) a grant of leave to renew would seem to rest entirely in the discretion of the court, although on the rehearing it may be bound to take the same view of the facts as the judge who first heard the motion. If so, it would seem not to be an appealable order.
But in fact the last order does not dispose of the motion, to renew which, it recites that leave had been granted. It merely reduces the amount of bail; while the previous order does not expressly dispose of any motion to that effect, but merely de *618 nies the motion to set aside the order of arrest. It is true, the affidavit of the plaintiff states that the motion to discharge the order of arrest was denied, after argument, as appeared hy a copy of the order made therein, annexed to such affidavit '; and that the counsel for the defendant Spalding “ then moved the court to reduce the bail, which motion was also denied.” Construing this strictly, it would appear that the latter motion was not denied until after the order was made denying the former. But it does not appear how it was denied. Ho order is before us denying it, which is the only mode of judicially determining such a motion. A mere oral decision, if it ever took place, is of no avajl, without an order making it a record. The plaintiff seems never to have sought to make it a record by amending the original order, or procuring a new order to be entered. It is very dangerous, in any case, to rely, on affidavits of parties as to what a court has decided ; even counsel being sometimes mistaken. In this case the motion appears to have been heard on the 17th of last February, and the order was made five days afterwards. It is not probable that a motion to reduce the bail was made, or argument had thereon, after such order was made, or that the plaintiff was present when the decision of the court was made. We are not, therefore, at liberty to assume that the motion to reduce the bail was actually made and decided, even if we could go behind the record. The maxim of the civil law fully applies to such a case : “ Definitiva sententia quce condemnationem vel absolutionem non continet pro justa non habetur.” Hor can I find, from the papers before us, that such objection was taken on the hearing of this motion to reduce the bail. For aught that appears, it may have not been presented, and therefore waived as an estoppel, which are not a favorite of the law. But it may be said that the motion to reduce the bail is embraced in a motion to discharge the order of arrest, and that the original order to show cause includes an application for further or other relief. But the questions involved in the two motions are entirely distinct, and dependent on different facts; that on the motion to dis *619 charge being whether the party arrested has been guilty of conduct subjecting him to arrest at all, and that on the reduction of bail being as to the amount of injury sustained by the plaintiff, and the amount of bail necessary to -secure the' defendant’s appearance to respond to the judgment. (Baker v. Swackhamer, 5 How. Pr. 251. 3 Code Rep. 284.) They are also spoken of in the Code as separate motions. (§ 204.) It would not follow, from a mere notice of motion for further relief, beyond discharging the order, that it was made and denied in reference to all relief which could be granted. It appears to me to be very clear that the order reducing the bail, at least, was not rendered irregular or erroneous by any previous judicial disposition of a similar motion of record.
But even if it were requisite that the order denying the motion to vacate the order of arrest should be vacated, and liberty given to renew it upon new facts, before a motion could be heard to reduce the bail, there were additional facts in such affidavits beyond what was before the court on the previous occasion. In the first place, the defendant denies, specifically, the various representations wherewith he was charged in the plaintiffs affidavit, on which the order of arrest was obtained ; also an explanation of the original cause of the difficulty between the parties ; a denial of any conspiracy between the defendant Spalding and his co-defendants ; the resumption of the possession of some, at least, of the goods in controversy, by the plaintiff, since the defendant’s arrest; the fact that three quarters ofjfche goods belonging to the firm did not consist of goods bought of the plaintiff, and were acquired since; a denial of the defendant’s insolvency; the conversion of the goods bought of the plaintiff into money, and the excess of the value of the firm’s assets beyond the value of the property sold by the plaintiff; the sale of the goods of the firm by the plaintiff and his son, since this action was begun, to persons of doubtful credit; the incompetency of the plaintiff's son to manage the business ; the action brought by his wife, the plaintiff’s daughter-in-law, for a dissolution of the partnership ; a denial that the defendant drew *620 from the assets of the Arm the sum charged in the plaintiff’s affidavit. These were amply sufficient to make a new case, and some of them. were facts which occurred after the first motion was made, and the discretion of the court would not have been improperly exercised in rehearing either motion, on such facts. The. novelty of the facts is apparent from the plaintiff’s deeming it necessary to deny them in the affidavit of four pages of printed matter. . ■ .
Lastly, in regard to the merits. The plaintiff sold a stock of goods to the defendant Spalding and his son’s own wife, on representations by the former, as to his property^ which are claimed to be. false;. Such sale was conditioned upon the payment by the vendees of a bond executed by them, according to its terms. Such bond was conditional to pay a certain sum in ten years, with interest quarter-yearly. The goods were sold to become part of a partnership stock, to be sold and disposed of by the vendees in a regular course of business. ■ The defendant paid two quarters’ interest, and executed a mortgage on his undivided half of the goods to his co-defendant, Usher, who took possession thereof. Other goods were added to the stock. According to the defendant’s affidavit, the plaintiff retook possession of all the goods, including what had never belonged to him. The only denial of this is the plaintiff’s affidavit that the goods secured by him- were worth only a blank sum, and that only a part of the goods so removed were recovered by him. It certainly was an . extraordinary sale of goods for the purpose of carrying on business by the vendees, which required them to be kept ten years, or until the purchase .money, with ten years’ interest, had been paid.. The plaintiff also had another action pending for the same cause of action, if what is claimed to be the cause of action in this case can be discovered without any complaint. If such other action be to rescind the contract and reclaim the goods, and this is for mere damages in having temporarily deprived the ' plaintiff of the' possession of his goods, without any data to estimate them, he having got possession of the goods, it is impossible for. this court to determine. that five hundred dollars' *621 is not a reasonable sum. for which to exact bail to secure the defendant's being present to respond to any judgment.
Upon every ground, the order appealed from should be be affirmed, with costs.