THE THIRD AVENUE RAILROAD COMPANY, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellants.

A court of equity has jurisdiction to restrain, by injunction, the prosecution of a multiplicity of suits.

Defendants had commenced seventy-seven actions against plaintiff to recover penalties, prescribed and imposed by city ordinance, for running cars without a license. Plaintiff brought this action to restrain the prosecution of more than one of said actions until that one could be finally heard and determined. Defendants demurred, the demurrer was overruled, and judgment rendered for plaintiff. *Held*, no error; that as the Justices' Court had no power to grant the relief sought, or to consolidate the actions, and as the prosecution of all the suits would be unnecessarily oppressive, the interference of a court of equity was properly invoked and exercised.

*West* v. *The Mayor, etc.*, (10 Paige, 539) distinguished.

(Argued March 12, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of the plaintiff, entered upon an order of Special Term overruling a demurrer by the defendants to the plaintiff's complaint.

This action was brought by the plaintiff to restrain the defendants from prosecuting more than one of seventy-seven actions, which, as the complaint alleged, had been commenced by them against the plaintiff in the Justice's Court in the city of New York for the first judicial district, until one of such actions could be finally heard and determined. Each of the said actions was brought at the same time to recover a sepa-

rate and distinct penalty of fifty dollars, prescribed and imposed by an ordinance of the defendants, for running a passenger railroad car within certain specified limits of the city of New York without a license or certificate from the mayor, and was at issue and untried at the commencement of this action, but had, on an adjournment, been set down for trial at a short day thereafter.

A demurrer was interposed to the complaint, and judgment thereon was rendered, at Special Term, in favor of the plaintiff.

*Richard O'Gorman* for the appellants. An injunction to restrain proceedings in another suit in the same court, or in another court having equal power to grant the relief sought, will not be granted. (*Diderick* v. *Hoysradt*, 4 How., 350; *Hunt* v. *F. L. and T. Co.*, 8 id., 416; *Bennett* v. *Le Roy*, 14 id., 178; *Arnott* v. *Williams*, 16 id., 244; *Jay's Case*, 6 Abb., 293; *Minor* v. *Webb*, 10 id., 284; *Grant* v. *Quick*, 5 Sandf., 612; *Winfield* v. *Bacon*, 24 Barb., 154.) This action can only be maintained on the ground that defendants are engaged in the continuance or commission of some act injurious to plaintiff. (Code, § 219.) The admissions of the complaint that the rights of the parties to the actions in the District Court are dependent solely on questions of law, and that those questions having been decided in favor of the corporation, are fatal to this action. (*Eldridge* v. *Hill*, 2 J. Ch., 281; *West* v. *Mayor*, 10 Paige, 539; *Oakley* v. *Mayor*, decided April, 1840; *Patterson* v. *McCamant*, 28 Mis. [7 Jones], 210; 19 U. S., 386, § 46.)

*Clarkson N. Potter* for the respondent. The Supreme Court had power to grant the injunction prayed for. (3 R. S. [5th ed.], 264, § 42; *N. H. R. R. Co.* v. *Schuyler*, 17 How., 468; S. C., 8 Abb., 239.) Plaintiff had the right to invoke the aid of a court of equity to prevent a multiplicity of suits. (1 Story's Eq. Jur., § 457; 2 id., § 853; Jeremy's Mit. Eq., 119, 120; Story's Eq. Pl., 338; 9 Eng. L. and Eq.,

44; *Livingston* v. *Livingston*, 6 J. Ch., 499; *N. H. R. R. Co.* v. *Schuyler*, 17 N. Y., 608; *How* v. *Tenants of Bromgrove*, 1 Vern., 22; *Cowper* v. *Clerk*, 3 P. Wms., 155.) The courts and legislature favor the relief asked by plaintiff. (*Thompson* v. *Shepherd*, 9 J. R., 262; 3 R. S. [2d ed.], 732, note to § 47; *Brewster* v. *Stewart*, 3 Wend., 442, 451; *Deway* v. *Bk. of Auburn*, 19 id., 23; *Wilkinson* v. *Johnson*, 4 Hill, 48; *Le Roy* v. *Redell*, 1 Code R. [N. S.], 201; *Perry* v. *Seward*, 6 Abb., 326; *Sherman* v. *McNitt*, 4 Cow., 85; *Clark* v. *Met. Bk.*, 5 Sandf., 665.)

Lott, Ch. C. The jurisdiction of a court of equity to prevent, by injunction, a multiplicity of suits is unquestionable, and, according to my understanding of the points of the appellants' counsel, is not denied by him; but he claims that "an injunction to restrain the proceedings in another suit, either in the same court or in another court having equal power to grant the relief sought, will no longer be granted." Conceding the general rule to be as claimed by him, it does not apply to the facts stated in, nor the case made by, the plaintiff's complaint. To make it applicable, it must appear that the justice's court, in which the actions sought to be restrained are pending, has power to grant the relief asked by the complaint in this action. This is not claimed by the counsel. That court is also without a very important power, possessed by courts of record, which, if it existed in reference to actions pending therein, would have rendered the present action unnecessary. Any court of record has the power, whenever several suits are pending in it by the same plaintiff against the same defendant for causes of action which may be joined, to order the several suits to be consolidated into one action. (2 Rev. Stat., p. 383, § 36.) The Supreme Court has also the power, if one or more of such suits be pending in the Supreme Court and others be pending in any other court, to order the suits in other courts to be consolidated with that in the Supreme Court. (Id., § 37.)

The above provisions, it will be seen, do not reach the suits

sought to be restrained, and the Justice's Court in which they were pending had not, as I have stated, the power of consolidating them. The plaintiff must, therefore, have been subjected to the cost and expense of the defence of all of those actions, if it had not obtained relief under its complaint in this suit.

It is material to bear in mind, in consideration of the questions raised by the demurrer to the complaint, that it is not asked to restrain the defendants from *obtaining a decision* by the Justice's Court of the question involved in the actions pending therein; but the continuance of the prosecution of one of them is suffered and permitted, and an injunction to restrain and forbid the proceedings in the others of them is only asked until that which shall be proceeded in can be finally heard and determined, and the injunction granted by the judgment appealed from is to that extent only. The question to be decided in all of the suits is the same, and a single one, depending on the same facts. The decision made in the one which is to be prosecuted will, in its effect, be a decision of all of them. The injunction asked and granted does not operate as an absolute but a temporary stay only of the actions to which it applies, and the plaintiff has offered in the complaint to give any security required for the payment to the defendants of the sum claimed in all of the said actions if it should be finally decided that it is liable for the penalty by said ordinance prescribed, and for the expense of prosecuting such action or actions as might be necessary to determine the same. The case is different from those of *West* v. *The Mayor, etc.* (10 Paige's Rep., 539) and *Oakley* v. *The Mayor, etc.* (cited and referred to in that of West). The injunction asked in them was to restrain *absolutely* the prosecution of any suits at law for breaches of certain corporation ordinances. They are therefore clearly distinguishable from this. The relief herein was substantially to the same effect as that which would have been obtained if the actions had been all pending in the Supreme Court or any court of record by a consolidation of them.

It is said by Judge STORY that " courts of equity discourage, in various forms, the promotion of unreasonable litigation, and on this ground, for the purpose of preventing a multiplicity of suits, they will not permit a party to bring a bill for a part of a matter only, where the whole is the proper subject of one suit. Thus, for example, they will not permit a party to bring a bill for a part of one entire account, but will compel him to unite the whole in one suit, for otherwise he might split it up into various suits and promote the most oppressive litigation. Upon a ground somewhat analogous, if an ancestor has made two mortgages, the heir will not be allowed to redeem one without the other." (Story's Eq. Pl., § 287.) The same principle is clearly applicable to the present case. (See also, in support of the principle, Story's Equity Jurisprudence, § 457; id., § 853; id., § 901; *Hanson* v. *Gardiner*, 7 Ves. Ch. Rep., 305, etc.; *Livingston* v. *Livingston*, 6 John. Ch., 499; *New Haven R. R. Co.* v. *Schuyler*, 17 N. Y., 608.)

The prosecution of all of the suits referred to in the complaint at one and the same time would be unnecessarily oppressive, by having costs incurred which it is said in the complaint would be " onerous and oppressive;" and the case is one, under all the facts disclosed, where the interference of a court of equity was properly invoked and exercised.

The result of the views above expressed is that the judgment appealed from should be affirmed, with costs.

All concur; REYNOLDS, C., not sitting.

Judgment affirmed.