JACOB DUNN *against* CORNELIUS M. MESEROLE *et al.*

A motion to dismiss the complaint, under § 274 of the Code of Procedure, for neglect to serve the other defendants having been denied: *Held*, that the order denying this motion was a bar to a new motion to dismiss the complaint, for the same reason, made a year afterwards, no leave to renew the motion having been obtained.

APPEAL by plaintiff from an order of this court made at special term.

The action was brought against the defendant Meserole and five others to recover damages for breach of a contract in failing to take and pay for certain coaches ordered to be built for them by the plaintiff.

The defendant Meserole alone was served and appeared, and on February 18th, 1873, made a motion at special term to dismiss the complaint for the neglect of the plaintiff to serve the summons on the other defendants, five months having elapsed since the commencement of the action. This motion was denied, and no further proceedings to bring in the other defendants having been made, the defendant Meserole, on March 9th, 1874, again made a motion to dismiss the complaint for neglect to serve the other defendants. This motion was granted, and from the order granting it the plaintiff appealed.

*Geo. A. Black*, for appellant.

*Chas. M. Da Costa* (*Wellesley W. Gage* with him), for respondent.

J. F. DALY, J.—The order appealed from should be reversed. A similar motion on behalf of defendant Meserole had been made at special term, and denied on February 18th, 1873. The same facts were before the court on both applications, and the first decision thereon, without leave to renew, was a bar to the subsequent motion (4 Sand. 438; 6 How. 321).

The fact that a year had elapsed between the two motions, and therefore plaintiff had neglected, for that additional period, to serve the other defendants, was not new nor different matter, warranting a new motion without leave. The ground of the first motion was, 1st. That plaintiff had neglected to serve the other defendants, although five months had elapsed since the suit was commenced, and they might have been served, but plaintiff has made no effort to do so; 2d. That the defendants not served were necessary parties to a complete determination of the matters in controversy and the protection of defendant's rights; 3d. That the plaintiff's avowed purpose was to collect the whole of his claim from defendant Meserole alone. These facts were not disputed, and upon them and on the pleadings and proceedings in the cause, showing that the action was upon contract against the six defendants named in the summons as joint debtors, and that only one of them, viz. Meserole, had been served with the summons, the court denied defendants' motion to dismiss the complaint (Code of Procedure, § 274, sub. 4). This decision in effect determined that, although plaintiff had served but one of the joint debtors, and intended to proceed against that one and no other, he had the right to do so, and the court would not interfere with his practice (Code of Procedure, § 136, sub. 1). No lapse of time after that decision, nor subsequent failure to serve the other defendants could alter the effect of the decision that Meserole had no right to complain if he were proceeded against alone, and that it was not so much a question of unreasonable neglect to serve other defendants (although that question was necessarily involved in the decision), as of plaintiff's absolute right, under section 136 of the Code, to proceed against one joint debtor only, unless the court should otherwise direct.

The second application to the special term was therefore an attempt to obtain a review by one judge of the decision of another upon the same facts, and was improper (leave not having been obtained) and should have been denied. The injury complained of by defendant Meserole does not exist. It would not help him to contribution from his codefendants to have them served in this action. Whether they were brought before

this court or not by plaintiff to obtain contribution, he would have to bring a separate suit against them in any event, and this action would not settle their rights as against each other. The point as to multiplicity of actions is, therefore, not well taken. The joint property of all defendants can be reached in this action, although only Meserole be served (Code of Procedure, § 136, sub. 1), and if the other defendants have defenses they may voluntarily appear (9 Abb. 175).

LOEW and LARREMORE, JJ., concurred.

Order reversed.