## FIRST NATIONAL BANK OF UNION MILLS, RESPONDENT, *v.* JUDSON H. CLARK, APPELLANT.

*Practice — a motion for a new trial on the minutes of the justice can only be made when a verdict has been rendered — Code of Civil Procedure, sec. 999 — power of a Special Term to entertain a motion to vacate an order erroneously granted.*

Upon the trial of this action, brought to recover moneys alleged to have been deposited by the plaintiff's assignor with the defendant, a private banker, the plaintiff was nonsuited by the court, upon the ground that it had failed to show a title to the moneys deposited; a motion was thereupon made by the plaintiff for a new trial upon the minutes of the justice trying the case, which was entertained and denied. From this order an appeal was taken by the plaintiff, which is still pending. Subsequently the plaintiff moved, at a Special Term held by the trial judge, for an order vacating the previous orders of the court entertaining and denying the motion for a new trial. From an order granting this motion the defendant appealed.

*Held,* that the trial judge had no authority to entertain the motion for a new trial made upon his minutes, as such a motion can only be made in those cases in which a verdict has been rendered.

That as the order denying the motion for the new trial was erroneous and invalid, it was proper for the Special Term to hear and grant the motion made by the plaintiff to have the said order vacated.

That the plaintiff was not barred from making the motion, because it had taken an appeal from the order denying a new trial.

No opinion was expressed by the court upon the question as to whether the plaintiff could move upon the case as settled for a new trial without first formally discontinuing his appeal, nor as to whether the defendant should be allowed any cost on such appeal.

APPEAL from an order made at the Erie Special Term and entered in Allegany county.

The action, which was tried at the Allegany Circuit, where the plaintiff was nonsuited by the court, was brought to recover moneys alleged to have been deposited by Sliney and Whelan with the defendant, a private banker, the claim for which had been by them assigned to the plaintiff. When the plaintiff rested the defendant moved for a nonsuit, which was granted, on the ground, as the case states, that the plaintiff failed to show a title to the moneys deposited. Thereupon the plaintiff, moved for a new trial upon the minutes, which was entertained by the trial judge and denied. From that order the plaintiff appealed

to the General Term, where it is still pending. Subsequently the plaintiff moved, at a Special Term held by the trial judge, for an order vacating the previous order of the court entertaining the plaintiff's motion for a new trial, and also the order denying the same. The Special Term made an order vacating and setting aside both of the said orders, from which the defendant appealed.

*Rufus Scott*, for the appellant.

*Ainslie & Davie*, for the respondent.

BARKER, J. :

The practice adopted at the circuit is without precedent, and was wholly unauthorized. By section 999 of the Code of Civil Procedure, the trial judge may, in his discretion, entertain a motion upon his minutes, at the same term at which the trial was had, to set aside the verdict and grant a new trial upon exceptions ; or because the verdict is for excessive or insufficient damages ; or otherwise contrary to the evidence, or contrary to law. Here there was a trial, but no verdict ; and the trial judge at the circuit had no jurisdiction, and the order denying a new trial was erroneous and invalid. (*Emmerich* v. *Hefferan*, 33 Hun, 54 ; *Hill* v. *Hotchkin*, 23 id., 414.)

The only question now presented for our consideration is whether the Special Term had jurisdiction to vacate the order made at the circuit, denying the plaintiff's application for a new trial. Upon this question we entertain no doubt. The practice at the circuit was adopted through the inadvertence and mistake of the trial judge. By a proper motion, with notice to the adverse party, the court possesses the power, as it was its duty, to correct the mistake resulting from a misapprehension as to the correct practice in moving for a new trial upon an exception taken to the ruling at the circuit granting a nonsuit.

The court may, in any stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, correct any mistake occurring in the mode of procedure. (Sec. 723 of the Code of Civil Pro ) The plaintiff, in procuring the order appealed from, sought to correct its own mistake, and if relief had not been granted, by vacating the previous orders, it might have

been greatly embarrassed in procuring a hearing upon its exceptions taken to the order granting a nonsuit. Upon the appeal taken from the order denying a new trial, no hearing upon the merits could have been had in this court, for the reason that the order appealed from was invalid, and the judge making the same had no power at the circuit to correct the error in granting a nonsuit if one was made. The defendant has not been prejudiced by the order from which he appeals, for the reason that a motion for a nonsuit yet stands unreversed. The plaintiff was not barred from making the motion because it had taken an appeal from the order denying a new trial. Parties may be relieved from their own errors and mistakes if injustice would be done by refusing relief. The fact that an appeal was pending is not a bar to an application to renew a motion. (*Belmont* v. *The Erie Railway Co.*, 52 Barb., 637; see note 88 to standing rule No. 37.)

The decision of a motion is not regarded, in the light of *res adjudicata*, with the same strictness as in judgments, and therefore an interlocutory order may be vacated and set aside upon the motion of an aggrieved party, if made in pursuance of the rules and practice of the court. (*Smith* v. *Spalding*, 3 Rob., 615; *White* v. *Munroe*, 33 Barb., 654; *Belmont* v. *Erie Railway Co.*, 52 id., 637; *Simson* v. *Hart*, 14 Johns., 63.)

A motion at the circuit for a new trial, when it may be entertained after a verdict rendered, is summary in its character, and the decision of the court thereon is not to be regarded with the same consideration as a decision made upon a formal motion and after a deliberate argument. The order of the Special Term, correcting the errors in practice adopted at the circuit, was wisely granted, and the order should be affirmed. The question presented is unlike those which are often presented and considered where a defeated party seeks to renew a motion upon the same or a new state of facts, in which cases the court, to prevent vexatious and repeated applications on the same point, have adopted rules of procedure which are intended to preclude the discussion of the same question, on the same state of facts, without first procuring the permission of the court to reargue the motion. The rules of practice in that class of cases are stated in the following cases, which are cited without comment: *Belmont* v. *Erie Railway*

*Company* (52 Barb., 637); *White* v. *Munroe* (33 id., 654); *Smith* v. *Spalding* (3 Rob., 115); *Snyder* v. *White* (6 How. Pr., 321); *Erie Railway Company* v. *Ramsey* (57 Barb., 449).

The order appealed from was granted, without costs to either party, and no disposition was made of the appeal taken by the plaintiff from the order made at the circuit, denying a new trial. The only ground of complaint which the defendant can make is, that the appeal is not disposed of on vacating the order, and on such terms as to costs as would be just and fair to him. If he desired that the appeal should have been disposed of at that time he should have brought the question before the court for its decision.

We express no opinion upon the question whether the plaintiff can move upon the case as settled for a new trial without first formally discontinuing his appeal, nor whether the defendant should be allowed any costs on such appeal.

In view of the somewhat peculiar features of the case, as presented on this appeal, we affirm the order, without costs to either party.

HAIGHT and BRADLEY, JJ., concurred; SMITH, P. J., not sitting.

Order affirmed, without costs.