## BUCKLES v. CHICAGO, M. & ST. P. RY. CO.

### (Circuit Court, W. D. Missouri, W. D. January 2, 1893.)

1. RES JUDICATA—DECISION ON MOTION.

Plaintiff took a nonsuit in a state court after the hearing of the evidence and the giving of the instructions, and then within a year reinstituted the action in the same court. The cause was then removed, and in the federal court a motion was granted to stay further proceedings until plaintiff had satisfied the costs in the first proceeding. *Held,* that this order, though made on motion, was res judicata as to all questions involved therein, and plaintiff could not, after a regular term of court had intervened, maintain a motion to set the same aside, and proceed with the cause, except on showing compliance with its conditions.

2. NONSUIT—FAILURE TO PAY COSTS—NEW ACTION.

Even if this decision should not be considered as coming within the rule of res judicata, the court would not entertain a motion to set it aside, and proceed with the cause, when no new facts were shown, and it did not appear that any new knowledge had come to the plaintiff in the mean time; her only excuse for failure to pay the costs being her poverty.

At Law. Action by Mary J. Buckles against the Chicago, Milwaukee & St. Paul Railway Company, instituted originally in the state court. In that court plaintiff took a nonsuit after the hearing of the evidence and the giving of instructions, but afterwards, and within a year, reinstituted the action in the same court. Defendant then removed the cause to the federal circuit court, where, on motion made by it, an order was granted to stay further proceedings in the cause until plaintiff had paid the costs assessed against her in the first proceeding in the state court. See 47 Fed. Rep. 424. Plaintiff now moves to have that order vacated. Denied.

Sherry & Hughes and W. M. Burris, for plaintiff.
Pratt, Ferry & Hagerman, for defendant.

PHILIPS, District Judge. On the 16th day of September, 1891, this court, on due consideration, in a written opinion, reported in 47 Fed. Rep. 424, sustained a motion by defendant, staying all further proceedings by the plaintiff in this action until she had paid the costs incurred in a former suit herein, in which she took a voluntary nonsuit. Now again comes the plaintiff, more than one year after judgment was entered on said motion, and after one regular term of this court has intervened, and presents her motion, asking to have the judgment on said motion vacated.

No reason is assigned for this motion of other facts than such as existed at the time of the hearing of the former motion, and no fact is alleged of materiality, which was not known to plaintiff at the hearing of said first motion. She merely pleads poverty, and an inability to provide money sufficient to pay the costs made in her first litigation. She had her day in court on the merits, and she urges nothing now which she might not have urged against the granting of the first motion.

It is contended by her counsel that said motion of September, 1891, was merely incidental to the proceeding in the cause, and that the judgment thereon possesses none of the qualities of a final ad-

judication to prevent a renewal of the controversy on the original merits of the motion at any time.    The general rule may be conceded to be that the principle of res adjudicata has no proper application to mere interlocutory motions.    But the rule is too broadly stated if it be sought to apply it to every character of motion by name, regardless of the nature and scope of the motion in the particular case.    The reason of the general rule is founded in the fact that the summary disposition of merely interlocutory motions does not admit of that deliberate consideration and investigation which are supposed to precede the rendition of more solemn judgments; and more especially for the reason that "decisions on summary applications can never be thrown into the shape of a record, and become the subject of review in any other court."    Where the reason of the rule does not exist, the rule itself ought not to be applied indifferently. As said in 2 Black, Judgm. § 691:

"Regard is now had less to the form of the proceeding, and more to the subject and condition of the decision   Further, there is a distinction to be noted between orders made upon motions respecting collateral questions arising in the course of a trial and final orders affecting substantial rights, and from which an appeal lies.  The latter are res adjudicata, and binding upon the parties, unless reversed or modified by an appellate tribunal."

. So Freeman, in his work on Judgments, (sections 325, 326,) recognizes the same important distinction that, where "the decision of a motion is as final and conclusive as the decision of a trial, if the proceeding permits of a full hearing upon the merits, and the order made is liable to review in some appellate court," it is conclusive on the parties.

What is the nature and scope of the motion sustained in this cause at the September term, 1891?   It involved the right of the plaintiff to proceed further in the prosecution of her suit until she had done equity by discharging the costs adjudged against her in a former trial of the same cause of action, wherein she suffered a voluntary nonsuit.   On that motion she had a full hearing.   The issue involved in that motion was independent of the matters at issue in the principal cause.   The judgment of the court was, in effect, that plaintiff's right to further prosecute her action for damages be, and the same was perpetually enjoined, unless she performed the antecedent condition of discharging the judgment at law for costs in the former action.   As stated in the opinion delivered therein, the proceeding (on the motion) was in the nature of the exercise of the equitable jurisdiction inherent in such courts, "intended to prevent the vexatious multiplication of suits."   In this view of the wholesome rule, what difference is there, in legal effect, between the judgment reached by the court on the motion and an order granted on petition for an injunction to stay further proceedings in an action at law until certain equities in favor of defendant in the law case are heard and adjusted?   Is not the judgment of the court granting the prayer for injunction conclusive between the parties thereto?   Could not an appeal be taken from the order, and the action of the trial court thereon be reviewed?   So here the effect of the order made by this court on sustaining the motion was to perpetually bar plaintiff's right of action in the suit

at law, unless she complies within a reasonable time with the equitable obligation resting upon her to restore to the twice vexed defendant its costs had and expended in the first fruitless litigation, provoked by plaintiff. That the order made on that motion could have been appealed from and reviewed by the proper appellate court I entertain no doubt. Such being the law, the judgment on that motion is res adjudicata as to everything involved in its merits.

If it were to be conceded, however, that the principle of res adjudicata has no application, in strictness, to the judgment on the motion, the question recurs, why should the court again open up the matter? Granted that such motions, where there is no appeal from the judgment of the court thereon, ought to be re-entertained on new evidence, yet courts will not entertain the renewed application unless something has happened, or for the first time come to the knowledge of the mover, since the decision on the former motion. Even affidavits "which merely present additional or cumulative evidence on the points before presented are not to be considered as showing new grounds for a motion." Ray v. Connor, 3 Edw. Ch. 478. It rests upon foundations of public policy that there should be an end of litigation, and this rule is, on principle, as applicable to motions like this as to the more formal trial. "If a party will not be vigilant in prosecution or defense, and will suffer the time to go by for the production of his proofs without a sufficient excuse, he must not afterwards complain." Ray v. Connor, supra. The motion is denied.