(3 Misc. Rep. 110.)

### HISCOX v. NEW YORKER STAATS ZEITUNG et al.

(Common Pleas of New York City and County, Special Term. March 23, 1893.)

1. CONSOLIDATION OF ACTIONS—EFFECT.
   Where two actions are consolidated, the original actions are discontinued, and only the consolidated action remains.
2. SAME—COSTS OF ORIGINAL ACTIONS.
   Where an order consolidating two actions contains no reservation of the right to tax the costs of the discontinued actions, the successful party in the consolidated action can tax only the costs of such action.

Actions by Harry W. Hiscox against the New Yorker Staats Zeitung and against Oswald Ottendorfer for libel. An order was made consolidating the two actions. Defendants thereupon made an offer of judgment, with costs, which was accepted by plaintiff, and the costs taxed. Both parties now move for a re-taxation of the costs. Motion granted.

Samuel Blythe Rogers, for plaintiff.
J. H. K. Blauvelt, for defendants.

GIEGERICH, J. This action is the result of the consolidation of two actions against the Staats Zeitung and Mr. Ottendorfer, respectively. The Ottendorfer Case was commenced first, and the plaintiff afterwards brought suit against the newspaper. Both actions were brought for the same libel, published in the aforementioned newspaper. Issue was joined in the Staats Zeitung Case, which was placed on the calendar, and a notice of trial was served. Issue was joined in the case against Mr. Ottendorfer, and a notice of trial was served, but the cause was not put upon the

calendar.    On February 9, 1893, an order was entered consolidating these two actions into one, entitled against both defendants, and directing the service of an amended complaint and answer in the consolidated action, and that "said cause retain its place upon the calendar."    A few days thereafter the defendants made an offer of judgment, with costs, in the action so consolidated, which was accepted, and the plaintiff is about to enter judgment thereupon.    No notice of trial has been served in the consolidated action. The plaintiff's proposed bill asks for costs to date in the Staats Zeitung Case, and these were allowed by the clerk, although objected to by the defendant.    The plaintiff asked also for costs in the Ottendorfer Case, which, on being objected to by the defendant, were disallowed by the clerk.    Both parties apply for a review of the clerk's taxation.

The plaintiff contends that "neither action was discontinued," but that both actions "continue alive," and that they "simply merged into each other."    The authorities, however, do not favor this contention.    By consolidation the other actions were discontinued, and only the consolidated action remains.    Blake v. Railroad Co., 17 How. Pr. 228.    The case of Earl v. Lefferts, 1 Johns. Cas. 395, (decided in 1800,) seems to hold the contrary; but this case cannot be regarded as an authority, for the very objects of consolidation are to prevent the unnecessary accumulation of costs and a multiplicity of actions.    Thompson v. Shepherd, 9 Johns. 262; Brewster v. Stewart, 3 Wend. 441; Blake v. Railroad Co., supra; Third Ave. R. Co. v. Mayor, 54 N. Y. 159.    See 2 McCarty, Civil Proc. R. 177, note on "Consolidation of Actions."    Where a consolidation is ordered, the successful party will be entitled to tax only the costs of the consolidated action, unless the right to tax the costs of the discontinued action is reserved in the order. Blake v. Railroad Co., supra; 1 Rum. Pr. 236.    Hogeboom, J., in delivering the opinion of the court in the case of Blake v. Railroad Co., supra, well says:

"I know of no principle by which costs in actions discontinued can be included in another action, even though it embraces the cause of action in the first.    Provision for such costs must be made in the discontinued actions before they finally cease to exist."

Inasmuch as the order of consolidation contains no provision reserving the right to costs of the original actions, already accrued, it follows that the plaintiff is not entitled to costs in either of them.    Blake v. Railroad Co., supra.    The plaintiff, therefore, should be allowed only costs of the consolidated action.    For these reasons the taxation of the plaintiff's costs should be set aside, and a new taxation directed before the clerk, who should allow to the plaintiff costs and disbursements in the consolidated action only from the time of the consolidation of the original actions, viz. February 9, 1893, to the time when the offer of judgment was made, and disallow all items in the two actions which were consolidated. The clerk will therefore allow only for proceedings before notice of trial, and disbursements made or incurred since February 9, 1893, to the time when the offer of judgment was made.