MARY ANN NOONAN, as Administratrix, etc., of WILLIAM NOONAN, JR., Deceased, Appellant, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Respondent.

*Renewal of a motion at Special Term, after its denial at a former Special Term — new and additional facts.*

The general rule is that a motion once denied at a Special Term cannot be renewed or heard by another Special Term, unless by the terms of the order it appears that the motion was denied for some technical reason not affecting the merits, or leave is granted to renew the motion; but this rule has exceptions, and where new and different facts have arisen a motion may be renewed without consent.

A plaintiff having been nonsuited, with leave to move for a new trial on a case and exceptions, served a notice on the defendant that she abandoned her case and exceptions, and that an order to that effect might be entered without notice, 'and thereupon commenced another action for the same cause of action; the defendant moved at Special Term that all proceedings on the part of the plaintiff in the second action be stayed until the costs in the first action should be paid; this motion was denied on the theory that the plaintiff's right to review or move for a new trial could not be terminated by notice, and that the case was still pending.

The General Term reversed this ruling, and held that the plaintiff's right to move for a new trial was abandoned by the notice, and that the defendant could enter final judgment upon the nonsuit; the costs were then taxed, and the defendant entered final judgment in the first action, and then renewed the motion for a stay in the second action, at Special Term, setting forth the proceedings since the first motion, and the motion was granted.

*Held,* that the taxation of costs and termination of the first action by entry of final judgment after the denial of the original motion constituted such new and additional facts as warranted the renewal of the motion at another Special Term.

APPEAL by the plaintiff, Mary Ann Noonan, as administratrix of the estate of William Noonan, Jr., deceased, from an order of the Supreme Court, made at the Erie Special Term, and entered in the office of the clerk of Genesee county on the 18th day of June, 1892, staying all proceedings in this action until the costs and disbursements of a former action between the same parties are paid.

*M. Fillmore Brown,* for the appellant.

*George F. Brownell,* for the respondent.

HAIGHT, J.:

In March, 1890, the plaintiff commenced an action in the Supreme Court, Genesee county, against the defendant to recover the damages which she had sustained by reason of the death of her son occasioned by the alleged negligence of the defendant. Issue was joined in the action, and in November, 1890, it was brought to trial before the Honorable HENRY A. CHILDS, and a jury, at the Genesee Circuit, which trial resulted in a nonsuit. An order was thereupon made giving the plaintiff ninety days to make a case and exceptions, and that the motion for a new trial be heard at the General Term in the first instance, and that all proceedings be in the meantime stayed.

On the 14th day of October, 1891, a case containing exceptions was made settled, signed and ordered to be filed. On the same day

the order directing the motion to be heard in the first instance at the General Term was vacated so as to allow the motion for a new trial to be made at the Special Term. The plaintiff did not file a case and exceptions as required, but on the eighteenth day of October thereafter, served a notice upon the defendant that the plaintiff had abandoned her case and exceptions, and that an order without notice might be entered to that effect.

On the twenty-eighth day of October this action was commenced, in which the plaintiff seeks to recover damages for the death of her son, alleged to have resulted from the negligence of the defendant. Thereupon, the defendant noticed two motions for hearing at the Erie Special Term, one in the first action to compel the plaintiff to file the case and exceptions as settled, and the other in this action asking that all the proceedings on the part of the plaintiff be stayed until the costs and disbursements in the first action should be paid. Both motions were argued at the same time. The motion in the first action was granted, and the plaintiff was ordered to file the case and exceptions within five days. And the motion in the second action was denied, with ten dollars costs of motion. Thereupon, the plaintiff appealed to the General Term from the order made in the first action and that court reversed the order of the Special Term and denied the motion. The defendant then entered final judgment in the first action and taxed its bill of costs, and then noticed this motion for hearing based upon all of the papers and proceedings in the action. The general rule is that a motion once denied at a Special Term cannot be renewed and heard by another Special Term, unless by the terms of the order it appears that the motion was denied on some technical reason not affecting the merits, or leave is granted to renew the motion. (*Jay* v. *DeGroot*, 2 Hun, 205; *Seaman* v. *McReynolds*, 52 N. Y. Super. Ct. 543; *Dunn* v. *Meserole*, 5 Daly, 434; *Talcott* v. *Burnstine*, 13 N. Y. St. Repr. 552; *Klumpp* v. *Gardner*, 44 Hun, 515.) But this rule has exceptions. Where new and different facts have arisen a motion may be renewed without consent. (*Smith* v. *Zalinski*, 94 N. Y. 519, 524; *Goddard* v. *Stiles*, 99 id. 640.) The question then is, as to whether the motion is based upon a new and additional state of facts.

It will be remembered that the first motion for a stay was made in connection and at the same time with the motion directing the

plaintiff to file the case and exceptions that had been settled in the former action. At that time the former action was pending, and no judgment had been entered therein. The order of the Special Term seems to have been made upon the theory that the plaintiff's right to review or to move for a new trial could not be terminated by notice, and that it was her duty to proceed thereon, and that the case was still pending undetermined. That being the case, the motion in this action could not well prevail, and was, therefore, denied. On the review in the General Term the order of the Special Term was reversed. By such reversal the court in effect held that the plaintiff's right to move for a new trial was abandoned by her notice to that effect, and that the defendant could enter final judgment upon the nonsuit. After the decision of the General Term the defendant entered its judgment and taxed its bill of costs, and then renewed the motion setting forth the proceedings in the General Term, the entry of final judgment, etc., as additional facts. As we have seen, the motion was based upon all the papers in the action, including those of the former motion, and of the order entered thereon. The Special Term was thus apprised of all of the proceedings, and of the former motion, and of the disposition that had been made thereof. And it appears to us that the new facts stated, materially and substantially change the situation of the parties from that existing at the time the former motion was made. At that time the former action was pending undetermined. At the time of making this motion the former action had been terminated by final judgment, and the costs had been taxed thereon.

The complaints in the two actions differ some as to phraseology, and as to the grounds upon which negligence is charged. The gist of the action as alleged in each complaint is, however, in substance the same.

We do not regard the question discussed in reference to the election of remedies as having any bearing upon the motion.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.