(14 Misc. Rep. 179.)

GERMAN EXCH. BANK v. KRODER (two cases).

(Common Pleas of New York City and County, Special Term. October 22, 1895.)

Res Judicata—Decision on Motion.
 A motion by defendant to consolidate two actions brought against him by the same plaintiff, and a motion by plaintiff for judgment on the answers, as frivolous, were decided at the same time; the motion for judgment being granted, and the motion for consolidation being denied. Held, that a denial of the motion for consolidation was not a decision on the merits, so as to preclude a renewal of such motion on a different state of facts.

Two actions by the German Exchange Bank against John Kroder. Defendant moves for consolidation of the actions. Granted.

John Fennel, for plaintiff.
Henry Schmitt, for defendant.

GIEGERICH, J.  The motion is made by the defendant to consolidate two actions brought against him by the plaintiff.  A similar motion was made at an earlier stage of the proceedings in these actions, at which time the plaintiff made a counter motion for judgment upon the answers, as frivolous.  Both motions were considered at the same time, and disposed of in the same decision; the one for judgment being granted, while the one for consolidation was denied.  Upon appeal the order allowing judgment was reversed (34 N. Y. Supp. 133), but the one refusing consolidation was not appealed from, and still stands, and, so the plaintiff contends, is a bar to this motion.  It has been said that the decision of a motion is never regarded as res adjudicata (Snyder v. White, 6 How. Prac. 321; Smith v. Spalding, 30 How. Prac. 339; Belmont v. Railroad Co., 52 Barb. 637); at any rate, not strictly as such (Veeder v. Baker, 83 N. Y. 156; Riggs v. Purcell, 74 N. Y. 370; Bank v. Clark, 42 Hun, 90; Thalheimer v. Hays, Id. 93).  As a matter of orderly practice, however, leave to renew a motion should be obtained from the court.  Snyder v. White, supra;  Smith v. Spalding, supra.  But, where a different state of facts has arisen since the first motion, a new motion, based upon these facts, may be made, as a matter of right.  Veeder v. Baker, supra;  Belmont v. Railroad Co., supra;  People v. Mercein, 3 Hill, 399; Railway Co. v. Ramsey, 57 Barb. 449; Smith v. Zalinski, 94 N. Y. 519;  Goddard v. Stiles, 99 N. Y. 640, 1 N. E. 402; Noonan v. Railroad Co., 68 Hun, 387, 22 N. Y. Supp. 860.  That the facts have changed is clear.  Amended answers have been served upon payment of considerable costs to the plaintiff.  The order allowing judgment has been reversed.  In making that order in the first instance, the court naturally refused consolidation, because the order for judgment terminated the actions, and left nothing for an order for consolidation to operate upon.  Under the circumstances it cannot be said with certainty that the former denial was based upon a consideration of the merits of the application, considered apart from the counter application.  The fact that the consolidation was granted as to the other defendants, whose answers were nearly as faulty as those of this defendant, may properly be regarded as an indication that, had the answer in its present amended form been at that time before the court, the motion would have been granted.  For these reasons the motion is granted, but, under the circumstances, no motion costs are awarded.  The order to be entered hereon should also provide for payment to plaintiff, if ultimately successful, of the costs to date of the discontinued action.  See Hiscox v. New Yorker Staats Zeitung, 3 Misc. Rep. 110, 23 N. Y. Supp. 682.