SAMUEL FROST *et al.* agt. JACOB B. FLINT, imp'd, &c.

Where a motion is made to set aside a declaration served in a cause, on the ground that it was not filed before it was served, and the motion is denied on the merits with costs, and no leave given to renew, it does not preclude the party from afterwards moving to set aside a default and subsequent proceedings in the cause, where the time of filing the declaration is the ground of the motion for setting aside the *default*, and is the same point which was relied on in the former motion.

It is irregular and *improper* for an officer to sign a judgment record *in blank*; that is, before the amount of damages and costs, &c., inserted in it.

*April Term,* 1846.

MOTION by defendant Flint to set aside default and subsequent proceedings.

In this case a motion was made at the last special term, held in February, on behalf of Flint, to set aside the declaration served in this cause, on affidavits tending to show that the declaration was not filed until 11th of December, 1845, whereas it was served on the evening of the 10th. The motion was opposed on affidavits showing that the declaration was sent by mail from Fort Plain to Utica, on the 10th, in a letter, which letter was returned on the 11th, with a memorandum purporting to have been signed " J. L. Beardsley," stating that the declaration was filed on the 10th. The original memorandum and letter to Mr. Beardsley was annexed to the opposing papers. The chief justice denied the motion with costs, and no leave was given to renew it. The plaintiff afterwards proceeded in the cause, and entered the [*126] default of Flint for not pleading. *Defendant's papers showed that the judgment record in this cause was signed by the officer *in blank*, as to the amount of damages ; that it was dated and signed on the 4th February, and the damages assessed on the 6th of February, and the rules for judgment entered on the 6th, and the date of the signing was altered from the 4th to the 6th, by some person other than the officer who signed it.

The defendant's counsel moved to set aside the default, on

Frost agt. Flint.

the ground that the declaration was not filed until the 11th of December, and he produced a certificate signed by J. L. Beardsley, stating that the declaration was not filed until the 11th of December.

Plaintiff's counsel opposed the motion, and produced the papers used on the former motion, and relied on them, together with the decision then made by the chief justice, as an answer to the present motion. He said this decision necessarily determined that the declaration was in point of fact filed on the 10th of December, and until that decision was reversed, or leave given to renew the motion, the declaration must be deemed served on the 10th and not on the 11th. Besides, the certificate of the clerk had been produced, on both sides, and the papers showed that the declaration was probably received at the clerk's office on the 10th, and that was a sufficient *filing* within the meaning of the statute, though not marked filed until the next day.

D. WRIGHT, *defendant's counsel.*
J. WENDELL, *defendant's attorney.*
N. HILL, *plaintiffs' counsel.*
H. ADAMS, *plaintiffs' attorney.*

BEARDSLEY, Justice. Set aside the default as irregular, saying that though the chief justice had refused to set aside the declaration, he had not decided the present question, viz.: whether the declaration was filed in such a manner that a default could be entered in the suit. He said he believed from all the papers produced, that the declaration was not filed till the 11th of December, and therefore the default was irregular. He also stated that it was irregular and *improper* for any officer to sign a judgment record in blank; that, if such had been the practice to any extent, it was high time that it should be stopped.