## SUPREME COURT.

ALEXANDER BONNELL agt. ALEXANDER H. HENRY and others.

It is settled, that it is not a sufficient requirement with the provisions of the Code, in reference to a *confession of judgment,* to set out merely a promissory note executed by the party against whom the judgment is to be entered. Such a note may furnish evidence of the existence of a debt, but it furnishes no information in relation to the *facts* out of which the indebtedness arose. (*See* 2 *Kern.* 215.)

Nor is the omission to state the facts out of which the indebtedness arose a mere *irregularity,* of which the defendant only can take advantage, but is matter of substance affecting the interest of subsequent incumbrancers. Therefore, the statute which requires that a motion to set aside a judgment for irregularity, should be made within a year after the entry of judgment, has no application to such a case.

Although the owner of a judgment recovered upon a bond secured by a mortgage, cannot sell the *mortgaged premises* by virtue of an execution upon the judgment, yet he is interested in removing any illegal obstruction, which an insufficient judgment on confession in favor of a plaintiff may present to the collection of his debt by a foreclosure of his mortgage.

Whether the right to have an illegal judgment removed is confined to a judgment-creditor. *Quere?*

*Albany Special Term, Aug.,* 1855.

MOTION to set aside judgment, &c.

The defendants, on the 19th of April, 1852, signed a confession of judgment, as follows:—

"We do hereby confess judgment in this cause for the sum of $2,822.75, and authorize judgment to be entered therefor against us. This confession is for a debt justly owing and now due to the plaintiff upon the following facts: That we, Alexander H. Henry, Edwin Henry and John A. Henry, are indebted to the said Alexander Bonnell upon a certain promissory note, of which the following is a copy:—

"*Greenbush, April* 19, 1852.

"On demand, for value received, we, or either of us, promise to pay to the order of Alexander Bonnell the sum of two thou-

sand eight hundred and twenty-two dollars and seventy-five cents, with interest from date.

"ALEXANDER H. HENRY,
"EDWIN HENRY,
"JOHN A. HENRY."

To this confession was subjoined an affidavit of all the defendants, to the effect that the facts stated in the confession were true.

On the 21st of April, 1852, a judgment was entered in the office of the clerk of Rensselaer upon this confession.

In August, 1853, Edwin Henry purchased of George C. Genet a stock of goods, and executed to him, on account thereof, a bond conditioned for the payment of $2,000, and, to secure such payment, executed a mortgage upon two houses and lots, owned by him in the village of Greenbush, in the county of Rensselaer. The bond and mortgage were assigned to one Lahens, who commenced a suit upon the bond in the New-York superior court, and, on the 2d of February, 1855, recovered a judgment for $2,148.30, which was docketed in the county of Rensselaer on the 16th day of March. The judgment was subsequently assigned to George C. Genet. Mr. Genet states, in his affidavit, that he had no knowledge of the existence of the judgment in favor of the plaintiff above named until after the 1st of September, 1854.

On the 19th of April, 1855, Mr. Genet recovered another judgment against Edwin Henry in the New-York superior court for $111.26, which also had been docketed in the county of Rensselaer.

A motion was made by Mr. Genet, as a judgment-creditor of Edwin Henry, to set aside the judgment in favor of the plaintiff as against Edwin Henry, on the ground that the facts out of which the alleged indebtedness arose, do not sufficiently appear in the statement upon which the judgment was entered.

GEORGE C. GENET, *for motion.*
JOHN H. REYNOLDS, *opposed.*

HARRIS, Justice. To authorize the entry of a judgment by confession, without action, a written statement is required, in which the facts out of which the indebtedness arose must be set forth. It is settled, that it is not a sufficient compliance with this requirement to set out a promissory note, executed by the party against whom the judgment is to be entered. Such a note may furnish evidence of the existence of a debt, but it furnishes no information in relation to the facts out of which the indebtedness arose. (*Chappel* agt. *Chappel*, 2 *Kern.* 215.) In this case, the statement upon which the judgment was entered contains merely a copy of a note, executed simultaneously with the statement itself. The requirement of the statute cannot be so easily satisfied. Such a statement furnished no authority for entering judgment.

Nor is the omission to state the facts out of which the indebtedness arose a mere irregularity. If it were, it would have been a sufficient answer to the motion, that more than a year had elapsed since the judgment was entered. (2 *R. S.* 359, § 2.) Indeed, if it were a mere irregularity, none but the defendant in the judgment could take advantage of it.

In *Chappel* agt. *Chappel*, above cited, it was held that, because the omission to state the facts out of which the indebtedness arose was not a mere irregularity, but a matter of substance, affecting the interests of subsequent incumbrancers, a third person, having a lien upon property junior to the apparent lien of such a judgment, might move to set it aside, and thus remove the obstruction which the parties to the judgment had illegally placed in the way of the collection of his debt. Had the omission been regarded as mere informality in the proceedings, the court could not have allowed a stranger to the record to interfere. But as the objection went to the validity of the judgment itself, a party interested in enforcing a subsequent judgment was allowed to come in and have it set aside. If this be so, the statute which requires that a motion to set aside a judgment for irregularity should be made within a year after the entry of judgment, has no application to the case. (*See Manufacturers' and Mechanics' Bank* agt. *Boyd*, 3 *Denio*, 257;

*Dedericks, administrators*, agt. *Richley*, 19 *Wend*. 108.) In the latter case, BRONSON, J. said, " The provision of the statute referred to relates to a mere technical irregularity, where the cause has been heard and decided upon the merits, and not to a judgment entered without authority against a party not before the court." (*See, also, Delaplaine* agt. *Hitchcock*, 6 *Hill*, 14.)

It was insisted, in opposition to the motion, that, as the judgment assigned by Lahens to Mr. Genet, was recovered upon a bond, secured by a mortgage upon the only real estate owned by the defendant, the judgment was not a lien upon such real estate; and the assignee had, therefore, no interest in removing the prior judgment entered by confession. It is true, that the mortgaged premises cannot be sold by virtue of an execution upon the judgment. (2 *R. S.* 368, § 31.) But, though this be so, the owner of the judgment is not the less interested in removing any illegal obstruction which the judgment in favor of the plaintiff may present to the collection of his debt by a foreclosure of his mortgage. Nor do I understand that the right to have the illegal judgment removed is confined to a judgment-creditor. It is unnecessary, however, to determine this question, for it is not denied that the judgment recovered by Mr. Genet on the 19th of April, 1855, is a lien upon the defendant's real estate, and this alone would be sufficient to authorize the motion.

It is stated, in the affidavit of the plaintiff's attorney, that, in January, 1855, a motion was made by Mr. Genet, on behalf of his assignor, to set aside the same judgment, and that such motion was denied, without liberty to renew the same. It is insisted, therefore, that the subject of this motion is *res adjudicata*. But a conclusive answer to this objection is, that though Mr. Genet may not be at liberty to renew the motion as the assignee of the judgment recovered by Lahens, he is under no such disability in respect to the judgment recovered by him since the former motion was made.

The judgment must be set aside, unless, within ten days after being served with a copy of the order to be entered upon this decision, the plaintiff shall execute and deliver to Mr.

Genet a release of the lien of his judgment upon the real estate of Edwin Henry in the county of Rensselaer, and also a release from the purchaser upon the sale made by virtue of the execution issued upon the plaintiff's judgment. The plaintiff must also be charged with the costs of this motion.