## Case No. 11,965.

### ROBINSON v. SATTERLEE.

[Nowhere reported; opinion not now accessible.]

## Case No. 11,966.

### ROBINSON v. SATTERLEE.

[Nowhere reported; opinion not now accessible.]

## Case No. 11,967.

### ROBINSON v. SATTERLEE.

[3 Sawy. 134.] [1]

Circuit Court, D. California. Sept. 7, 1874.

JUDGES — CIRCUIT COURT — RULES OF COURT — LACHES—LEAVE TO RENEW MOTION—ANSWER—FORMER JUDGMENT.

1. Where one judge has denied a motion, another judge of the same court has jurisdiction to grant leave to renew the motion.

2. A judge of a United States district court, while sitting alone as circuit judge, in the United States circuit court, has the same powers and jurisdiction as any other judge sitting in the same court.

[Cited in Commercial & Sav. Bank v. Corbett, Case No. 3,057; Vulcanite Co. v. Folsom, 3

Fed. 513; Industrial & Min. Guaranty Co. v. Electrical Supply Co., 7 C. C. A. 471. 58 Fed. 737.]

3. Under the sixty-sixth equity rule prescribed by the United States supreme court, the order dismissing the complainant's bill for want of a replication is of course, and may be entered in the clerk's office without any application to, or action by the judge.

4. The dismissal is final unless set aside by the court upon application duly made within the proper time in pursuance of the provisions of the rule.

5. Where a bill has been dismissed for want of a replication under the sixty-sixth equity rule, a motion to set aside the dismissal made nearly five years after the entry of the order of dismissal, without offering any excuse for the delay, will be denied.

6. Where leave to set up by way of amended answer a former judgment between the same parties upon the same subject-matter had been denied, pending an appeal from the judgment sought to be set up, leave to file a supplemental answer setting up said judgment was granted upon renewal of the motion upon leave after the judgment had become final by affirmance on appeal. (Per Hoffman, J. See statement of the case.)

[This was a bill in equity by J. P. Robinson against John Satterlee.]

Motion to set aside an order granting leave to file a supplemental answer; also, to set aside an order dismissing the bill under the sixty-sixth equity rule for failure to file replication. The bill was filed January 18, 1868. The defendant, Satterlee, entered his appearance March 2, 1868. April 18, in default of an answer, an order was entered taking the bill pro confesso. On application of defendant, Satterlee, the default was opened April 23, "with leave to file an answer herein within five days denying the allegations of complainant's bill and setting up title in defendants." On the same day a further application for leave to set up as another answer, by way of estoppel, a judgment between defendants and the grantor of complainant upon the same subject-matter, was denied, by Deady, district judge, sitting as circuit judge. On April 27, defendant filed his answer to the bill. On July 8, another application for leave to file an amended answer, was denied by Mr. Justice Field, "it appearing that a similar motion had been previously considered and denied." On August 21, 1869, defendant, Satterlee, by leave of the court, applied for leave to file a supplemental answer setting up the prior judgment between defendants and the complainants' grantors, upon affidavits excusing default; showing mistake in his prior applications, and that said judgment which he sought to set up by way of estoppel, had, since the commencement of this suit, and since the former application, become final, by its having been affirmed by the supreme court of the state on appeal. Leave to file such supplemental answer was granted by the court, Hoffman, district judge, presiding, and giving a written opinion upon the application.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

J. B. Felton and Wm. H. Patterson, for plaintiff.

McAllister & Bergin, for defendants.

Before FIELD, Circuit Justice, SAWYER, Circuit Judge, and HOFFMAN, District Judge.

HOFFMAN, District Judge. "An order to take the bill pro confesso having been duly entered by the complainant's solicitor on April 18, 1868, the solicitor for the defendants, on April 22, obtained from the court an order that the default be set aside, and that he have leave, on payment of complainant's costs, to file within five days an answer denying the allegations of the complainant's bill and setting up title in the defendants.

"On the succeeding day, the solicitor of the defendants moved for a modification of this order, so as to permit them to set up and plead a former recovery in favor of William S. Reese against the predecessors and grantors of the complainants. for the lands described in the bill, which judgment and recovery was obtained in the district court for the Twelfth judicial district of this state.

"On this application, an order was entered denying to the defendants the leave applied for. It is now stated, that the judgment, leave to plead which was denied, was by mistake described as a judgment rendered in the Fifteenth district court in a suit between the administrator of Wm. S. Reese, deceased, and the grantors of the complainants, and that the judgment intended to be pleaded was the judgment obtained in the Twelfth district court, and affirmed on appeal by the supreme court, and not the judgment subsequently obtained in the Fifteenth district court, which had not, at that time, become final, but the same was suspended by an appeal.

"On July 3, 1868, a motion was again made for leave to file an amended answer, and to plead the final judgment obtained as above stated. But the motion was denied by the presiding judge of this court on the ground that 'a similar motion had been made and denied.'

"A motion is now made for leave to file a supplemental answer or plea, setting up the judgment obtained by the defendant, Satterlee, administrator of the estate of Wm. S. Reese, against George D. Bliss, and John O'Connell, in the bill of complaint mentioned, which judgment has, since the denial of said motions, and on April 20, 1869, by the decision of the supreme court of this state, become final and conclusive.

"If this were merely the renewal of a motion already denied on its merits, the fact of such previous denial would not prevent the court, in its discretion, from giving leave to renew it, and subsequently granting it.

"In White v. Munroe, 33 Barb. 650, the court says: 'It is entirely in the discretion of a court to hear a renewal of a motion or not. They can, as they may deem advisable,

hear it on precisely the same papers. This, of course, will be rarely allowed; it would be productive of serious inconvenience, but still there may be occasions which would render it essential to justice. In motions such as these, not appealable, a grievous wrong may be committed by some misapprehension or inadvertence of the judge, for which there would be no redress if this power did not exist.' In the case of Simson v. Hart, 14 Johns. 76, the court, per Spencer, J., says: 'Courts, to prevent vexatious and repeated applications on the same point, have rules which preclude the agitation of the same question on the same state of facts. These rules are for the orderly conduct of business, and are not founded on the principle of res adjudicata. It is not uncommon in courts of law, to deny a motion one day, and on another day to grant it on a more enlarged state of facts.'

"That the doctrine of res adjudicata does not strictly apply to motions in the course of practice has been held in numerous other cases. See Reporter's note in 5 Hill, 490: Smith v. Spalding, 3 Rob. (N. Y.) 616, 617, and cases cited; King v. Jagger, 1 Chit. 445.

"In Belmont v. Erie R. R. Co., 52 Barb. 649, the court, after citing numerous cases, says: 'It would seem, therefore, that if it be possible that anything should be deemed to be settled by authority, the proposition that a motion may, upon application to the court, be opened and heard anew, if the court, in its discretion, thinks sufficient reason exists for doing so, must be considered as conclusively established.'

"Such being the authority of the court with respect to motions once made and denied, it is its duty to entertain a motion for leave to renew and to exercise its judicial discretion, whether to grant or withhold the leave. This discretion it is bound to exercise, whether the motion has been originally denied by the same judge as the one of whom leave to renew is asked, or by another.

"If, however, in this case, the motion now made had been considered and decided on its merits by Judge Deady and Mr. Justice Field, I should feel the utmost hesitation in permitting it to be renewed.

"But the motion before Judge Deady was merely to amend the order to open the default previously granted by him. If, as the minutes show, it was a motion to modify by allowing the defendants to set up and plead the former adjudication in Satterlee v. Bliss [36 Cal. 489] it may have been denied, on the ground that that suit was still pending on appeal and had not passed to final judgment. If, on the other hand, the motion was, as stated by counsel, to allow defendants to plead the judgment obtained in Reese v. Mahoney [21 Cal. 305] then the motion denied was different from the present one, which is to allow the defendants to set up the judgment in Satterlee v. Bliss, obtained since the former motion was denied.

"It is also suggested by counsel, that the motion to modify may have been denied on the ground that the modification was unnecessary, as the defense could be made under the order opening the default as it stood.

"The motion made before Mr. Justice Field appears to have been denied on the sole ground that a similar motion had already been made and denied. It does not appear that if the merits had been presented to the judge, on a motion for leave to renew, that the leave would have been refused. The fact that no such leave had been obtained was of itself sufficient ground for refusing to entertain the motion. 5 Hill, 493; 12 Wend. 290; 8 How. Prac. 115.

"In the present case, if the motions heretofore denied were for leave to set up the judgment in Reese v. Mahoney, the present motion is different, for it is for leave to set up the judgment in Satterlee v. Bliss.

"Even 'slight variations in the form of the motion or the character of the relief asked for seem to be sufficient (Bonnell v. Henry, 13 How. Prac. 142; Frost v. Flint, 2 How. Prac. 125) to allow a substantial renewal.' 3 Rob. 617. But if the motions denied were for leave to set up the judgment in Satterlee v. Bliss, the fact that since the denials of those motions that judgment has become final, and for the first time available to the defendants as a defense to this action, is a sufficient reason why the motion heretofore properly denied should now be granted. In either point of view, the matter comes before the court as a new motion, not heretofore made or denied, or as a motion renewed on grounds not heretofore considered, and on a state of facts not heretofore existing. Willett v. Fayerweather, 1 Barb. 72; Cazneau v. Bryant, 6 Duer, 688.

"In point of fact the judgment, leave to set up which was intended to be asked for, was the judgment in Reese v. Mahoney, as appears by the defendant's affidavit, which is not controverted, and the motion now made is for leave to set up another judgment which has since become final.

"If, as alleged by the defendants, the whole subject-matter of this suit has been already adjudged and determined between these parties and their privies in a court of competent jurisdiction, I can see no reason why the defendants should not be allowed the benefit of that decision.

"The transcript, consisting of a large printed volume and exhibited in court, shows the litigation to have been very protracted. After a long trial the questions of fact were submitted to a jury, and the questions of law subsequently adjudicated by the supreme court—nemo dibet bis vexari pro eadem causa, and if, as alleged by counsel, the entire right in this case has once been litigated and passed upon, why should not the rule be applied? To deny the defendants the benefit of a rule resting on such solid grounds of justice and public policy, because, through accident or inadvertence, he has incurred a default, would appear unreasonable and unprecedented.

"I think, therefore, that the motion for leave to set up in a supplemental answer the judgment in Satterlee v. Bliss should be granted."

In pursuance of leave so granted, the supplemental answer was filed on the same day, August 21, 1869. On September 7, 1869, the next rule day after the filing of the said answer having passed without any replication or exceptions having been filed either to the original or supplemental answer, and the cause not having been set down for hearing on bill and answer, the defendants entered in the proper form, in the clerk's office, a rule dismissing the complainant's bill for want of replication, under equity rule 66. The cause stood in this condition as dismissed till August 22, 1874, when the present motion was made to vacate the order of August 21, 1869, granting leave to file a supplemental answer. Also, the order of September 7, 1869, dismissing the bill under rule 66, on the ground that both orders are void upon their face for want of authority to make them. The motion was made upon the record.

SAWYER, Circuit Judge. We have no doubt that Judge Hoffman had jurisdiction to grant leave to defendant to renew his motion for permission to file an amended and supplemental answer; and upon the hearing of the application made in pursuance of leave so granted, to make a valid order permitting such answer to be filed, notwithstanding the fact that a similar application had before been denied by another judge of the same court. The cause was still pending, and not even at issue, and the fact that a similar application had before been heard and denied, was matter addressed to the sound discretion of the judge in view of the circumstances presented by the case.

While sitting as circuit judge, his authority was co-extensive with that of any other judge sitting in the same court. His action was, clearly, not void.

The answer was duly served and filed within the time, and in pursuance of the leave granted by the order of the court, and was, therefore, regularly filed.

Under the sixty-sixth equity rule prescribed by the supreme court of the United States, the complainant was required, on or before the next succeeding rule day, either to except or file a general replication to the answer. And the rule provides that, "if the plaintiff shall omit, or refuse to file such replication within the prescribed period; the defendant shall be entitled to an order as of course, for the dismissal of the suit; and the suit shall thereupon stand dismissed, unless the court or a judge thereof shall, upon motion for cause shown, allow a replication to be filed nunc pro tunc, the plaintiff submitting to speed the cause, and to such other terms as may be directed."

In this case the plaintiff did not file his replication, except to the answer, nor take any other action on or before the next succeeding rule day; and the time having expired, the defendant, on September 7, 1869, procured an order to be entered in the proper order-book before the clerk dismissing the action, as he was entitled to do under the rule. This is an order of course entered in the clerk's office under the rules, without any action of the judge in person. The rules authorize the entry of the order by the clerk, and no other action of the judge is necessary. That these and other analogous orders of course, are to be entered in the clerk's office by the clerk without the intervention of the judge, will be clearly apparent from an examination of equity rules 2, 4, 5, 12, 18, 38, and other rules in connection with rule 66. See, also, Conkling's Treatise (3d Ed.) 386. The order of defendant having been regularly entered, its effect is prescribed by the rule, "the suit shall thereupon stand dismissed." The order granting leave to file the supplemental answer was made, and the answer filed more than five years, and the order dismissing the bill within a few days of five years, before the present motion was made, and no other action of any kind appears to have been taken in the meantime. The bill during all that time under the rule has stood as dismissed; and the motion to vacate the order granting leave to file the answer, and the order dismissing the bill, are now made on the sole ground that these orders are void —no excuse for laches being attempted to be shown. We think the orders valid, and that no ground is shown for disturbing them at this late date.

It was suggested that many cases are actually heard in this court without replications, the bar not being generally familiar with the equity rules. This is doubtless so, the members acting in some cases upon the assumption that the practice in equity cases, as at law, is governed by the state practice. When no objection is made for want of replication, the court has not taken the trouble to see that the rule has been strictly complied with. The rules of the court, however, are very simple and plain, and must be observed. It would be difficult to account for the complainant's slumbering for five years upon his rights upon any theory that he was ignorant of the rules, nor could any such reason be admitted if it were the fact. He was prompt enough in taking his order pro confesso under a similar rule (rule 18), entered in the same manner, in the same order-book, on defendant's original default. The court will, doubtless, deal liberally in relieving parties from their excusable defaults when application is promptly made and good cause shown, as required by the rules. But this is no such case. Motion denied, with costs.