GOODYEAR DENTAL VULCANITE Co. *v.* FOLSOM.

GOODYEAR DENTAL VULCANITE Co. *v.* SEVERANCE.

(*Circuit Court, D. New Hampshire.* July 23, 1880.)

1. DISTRICT JUDGE—CIRCUIT COURT—INJUNCTION—REV. ST. § 719.—
   Section 719 of the Revised Statutes provides that "an injunction shall not be issued by a district judge, as one of the judges of a circuit court, in any case where a party has had a reasonable time to apply to the circuit court for the writ; nor shall any injunction so issued by a district judge continue longer than to the circuit court next ensuing, unless so ordered by the circuit court." *Held,* that the circuit court could issue such writ, when held by the district judge, as fully and freely in all respects as when held by the circuit justice or judge, or by two justices.

The petitioner in this case presented, by its solicitors, to the circuit judge, at Boston, the following petition:

"*To the Hon. John Lowell, Circuit Judge of said Court, at Boston:*

"Respectfully represents unto your honor the said Goodyear Dental Vulcanite Company, that on the seventeenth day of July, 1880, your petitioner filed its bills of complaint in said court against the said defendants, charging them with infringement of certain letters patent of the United States, owned by your petitioner, and supported by due affidavits showing such infringement, and afterwards applied to the Hon. Daniel Clark, district judge of said district, then holding said circuit court, for a summons to show cause why interlocutory injunctions restraining such infringements should not issue; that your petitioner is informed by the clerk of said court that the said judge entertains doubts of his authority under the law to issue said summonses or grant said injunctions, unless application therefor is first made to your honor.

"Wherefore, your petitioner prays that your honor will forthwith proceed to said district of New Hampshire, and then and there, as the circuit court of the United States for said district, hear and act upon your petitioner's said applications, or that your honor will now so hear and act upon said applications, as to your honor may seem meet

"By its solicitors,

"BROWNE, HOLMES & BROWNE."

LOWELL, C. J. I have been applied to at Boston for an order preceding an injunction in these cases, which are pending in New Hampshire, though the circuit court will be sitting there in a few days, on the ground that the district judge of New Hampshire cannot issue the writ, sitting as the circuit court, when a circuit judge can be found. This point of law I do not agree to. Section 719 of the Revised Statutes contains certain qualifications of the powers of district judges, which had become of little use long before the statutes were revised, and were supposed by many persons to have been

repealed. That section authorizes writs of injunction to be granted by any justice of the supreme court, and by any judge of the circuit court, in cases where they might be granted by the courts themselves, respectively, with certain limitations as to the place where the justice of the supreme court shall hear the application. Then follows the part referred to by the petitioner: "And an injunction shall not be issued by a district judge, as one of the judges of a circuit court, in any case where a party has had a reasonable time to apply to the circuit court for the writ; nor shall any injunction, so issued by a district judge, continue longer than to the circuit court next ensuing, unless so ordered by the circuit court."

At the present time the district judge has full and unrestricted power to hold the circuit court, (Rev. St. § 609,) and it is not easy to find a reason for restricting his powers as a judge of the court in any particular. I am satisfied that this section does not mean that the circuit court cannot issue the writ, when held by the district judge, as fully and freely in all respects as when held by the circuit justice or judge, or by two justices. It refers to writs issued in vacation, and "the circuit court next ensuing" shows this quite distinctly.

This part of section 719 is taken from the act of thirteenth February, 1807, (2 St. 418.) In 1842 a statute gave plenary power to the supreme court to make rules in equity, and by rule 55, which is still in force, that court recognizes the equal power of both justices of the circuit court in this particular. Judge Conkling, in his Treatise, (3d Ed. p. 240, 5th Ed. p. 219,) points out that the rule recognizes this equality, and is of opinion that it repeals the statute. He has no doubt that under the power given the supreme court to make rules, by the act above cited, they might repeal such a statute. It is to be observed that the law of 1842 did not contain the limitation which we find in the Revised Statutes, § 917, that the rules are to be "not inconsistent with any law of the United States." Still, it is probable that this was implied. Instead, therefore, of saying that the supreme court repealed the law, we may say that they construed it as not impairing the equal-

ity of the two judges when acting in the circuit court, but as applying merely to writs issued in vacation.

It was originally the law that a quorum of the circuit court consisted of two judges. St. 1789, § 4; 1 St. 74. In 1793 power was given to one justice of the supreme court to hold the circuit court when the district judge should be absent or interested, etc. 1 St. 333. In 1802 any judge of the circuit court, being the only one in attendance, was given power to hold the court. 2 St. 156. From this statute has grown up the practice, which had become entirely settled in 1842, and is now fully recognized by statute, (Rev. St. § 609,) that the district judge has as full power to hold the circuit court as is possessed by any other judge of that court. But in 1807 the theory of congress probably was that the regular terms of the circuit court would be held by two justices, as, in practice, they were at that time. The meaning, then, of the statute was that a plaintiff should not apply to the district judge, as such; that is, to a judge as distinguished from the court, if the court was sitting, or was about to sit, in term, so that he had opportunity to apply to what was supposed to be a full bench. Rule 55, in like manner, provides that the writ may be granted by the circuit court in term, or by either judge thereof in vacation, to last until the next term.

It must be taken to be the law still, that the district judge not acting through the court, but signing the writ himself in vacation, should not do so when the circuit court is sitting, or can be applied to, and should limit its operation to the next ensuing term. But the district judge has full power to hold the circuit court for all purposes, including this. Such is the plain meaning of section 609, and of rule 55, of the supreme court, and such has been the practice for 40 years. When, therefore, the circuit court is held by the district judge, there is an opportunity to apply to that court, and it has full power in the premises. The reports are full of such cases; for instance, *Howe* v. *Underwood*, 1 Fisher, 160, in which case nothing in the record or the orders shows that Judge Sprague held the court, and the writ was in the usual form.

"While sitting as circuit judge his [the district judge's] authority was co-extensive with that of any other judge sitting in the same court." *Sawyer*, J., 3 Sawy. 134, 140. The circuit court is the circuit court, and no law requires that the record should show who holds it, and our records, for a great many years, did not show it. A writ issued by that court is not issued by the district judge. Power is given by this same section 719 to the circuit judge to issue the writ, but it is much more doubtful whether he can issue it as judge, acting at a distance from the clerk's office, when the circuit court is sitting, than it is whether the circuit court held by the district judge can do so. Rule 55 gives the power to a judge only in vacation, and the power of the supreme court to limit and qualify the statute in that respect I do not doubt. It, in fact, puts all the judges under similar restrictions to those which the statute imposes on the district judge. I have, therefore, no power to issue the writ here, and there is no necessity for my going to New Hampshire, The plaintiffs may apply to the circuit court, presently, to be held by Judge Clark, at Portsmouth, for the order to show cause.

Petition denied.