McDOWELL et al. v. KURTZ.

(Circuit Court of Appeals, Third Circuit.    October 26, 1896.)

No. 11.

1. PATENTS—INFRINGEMENT—PRELIMINARY INJUNCTION.
    The proof of infringement in this case was so clear and free from doubt as to justify a preliminary injunction.

2. SAME—PUBLIC ACQUIESCENCE.
    Where plaintiffs have manufactured and sold their device without opposition for upward of five years, there is sufficient proof of public acquiescence; and it is immaterial that a large number of their devices were not marked "Patented," when it appears that enough were so marked to give general notice of the patent.

8. INJUNCTION—DISTRICT JUDGE HOLDING CIRCUIT COURT.
    The authority of a district judge, when holding a circuit court under Rev. St. § 609, is co-extensive with that of any judge sitting in the same court; and the restrictions of Rev. St. § 719, relative to the granting of injunctions by district judges, do not apply.

4. PATENTS—PROTECTION FOR PIPE THREADS.
    The Kurtz patent, No. 440,168, for a band or ring for protecting the screw threads of pipes, held valid and infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit in equity by Jacob H. Kurtz, trading as the National Manufacturing Company, against D. F. McDowell and others, trading as the Pittsburgh Ring Company, to restrain the infringement of a patent.    From an interlocutory order granting a preliminary injunction, defendants appeal.

James C. Boyce, for appellants.
Wm. L. Pierce, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and WALES, District Judge.

ACHESON, Circuit Judge. This is an appeal from an interlocutory order or decree granting a preliminary injunction restraining the appellants, who were the defendants below, from infringing letters patent No. 440,168, for a band or ring for the protection of the screw threads of pipes, granted on November 11, 1890, to John A. Kurtz, and now owned by the appellee, the plaintiff below. The court below held that the defendants infringed the first claim of the patent, which claim is as follows:

"The device for protecting the screw-threaded ends of pipes, consisting of a band provided with flanges on each end of the band, and adapted to engage the screw threads of the pipes, substantially as set forth."

The court below was of the opinion that none of the prior devices brought to its attention anticipated the device of the Kurtz patent, and that the bands or rings manufactured by the defendants were a clear infringement of the first claim of that patent. The court further found that for upward of five years the plaintiff had continuously manufactured rings under the patent, and had built up a large trade therein, without any attempt to infringe on the part of others, until the defendants, "who, during negotiations for a contemplated purchase of complainant's plant, business, and patents, had full opportunity to examine complainant's methods, inspect his machinery, and learn the growing character of his business," began, shortly before the bringing of this suit, to manufacture the rings complained of. Four objections have been urged to the decree which is before us for review, and these objections we will consider in the order in which they are stated in the brief of the appellants' counsel.

1. It is insisted that the alleged infringement is not shown to be clear and free from doubt. It is to be noted, however, that the patented device is simple in construction and operation, and is easily understood. The case is one in which infringement is determinable upon a mere inspection of the two rival devices. After a thorough examination of the earlier patents, which were cited in the court below in opposition to the allowance of an injunction, and are relied on here as sustaining assignments of error, we are not able to see that the Kurtz invention was anticipated by any of them. It may be that this field of invention was narrow when Kurtz entered it, and that the first claim of the patent in suit is to be construed strictly. Nevertheless, the owner of the patent is to be protected from colorable changes in matters of pure form. The judgment of the court below was that the difference between the protecting ring of the Kurtz patent and the defendants' ring was one of mere form, and not of substance, and that, "so far as means, methods, and functions go, the gist of the two devices is the same." This conclusion appears to us to be correct.

We cannot discover any material difference between the two devices. They do the same work in substantially the same way, and accomplish substantially the same result.

2. The second stated objection to the interlocutory decree is "that the patent has never been sustained by a court, nor sufficiently acquiesced in by the public." To this it is enough to say that, until the defendants began to infringe, the plaintiff had no occasion to apply to the courts to protect his patent, and that, if public acquiescence need be shown to entitle the owner of a valid patent to a preliminary injunction against clear infringement, such acquiescence satisfactorily appears here in the facts stated in the opinion of the court below. It is shown, indeed, that a large number of the plaintiff's rings were not marked "Patented"; but a sufficiently large number of them were so marked to give general notice that the ring was patented. There was ample proof of public acquiescence.

3. We do not think that sufficient doubt as to whether Kurtz was the original inventor of the patented ring to defeat the application for the preliminary injunction was raised by the affidavit of Harry Hipwell, especially in view of the rebuttal affidavits upon that subject.

4. The fourth objection is based upon the provisions of section 719 of the Revised Statutes of the United States, relating to the issuing of an injunction by a district judge. But that section does not apply to this case. Vulcanite Co. v. Folsom, 3 Fed. 509. The injunction here was not issued by the district judge under section 719. When the case was heard below, and the injunction was granted, the district judge was holding the circuit court, under section 609, Rev. St. U. S.; and his authority was co-extensive with that of any other judge sitting in the same court. Robinson v. Satterlee, 3 Sawy. 134, 140, Fed. Cas. No. 11,967. Therefore, his action in granting the injunction had the same force and effect as if the court had been held by the circuit justice, or a circuit judge, or by a full bench. Industrial & Mining Guaranty Co. v. Electrical Supply Co., 7 C. C. A. 471, 58 Fed. 732, 737. The decree appealed from is the decree of the circuit court.

Upon a careful consideration of the whole record it seems to us that the proofs justified the allowance of a preliminary injunction, and therefore the interlocutory decree granting the same is affirmed.