## Ex parte BROWN et al.

### (District Court, E. D. North Carolina. September 15, 1905.)

1. HABEAS CORPUS—FEDERAL COURTS—GROUNDS FOR WRIT.

    A federal court has no power to inquire into the legality of the detention of a state prisoner on a writ of habeas corpus, on the ground that it is in violation of the state Constitution.

    [Ed. Note.—Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.]

2. SAME—CONSTITUTIONAL LAW—DUE PROCESS OF LAW—DENIAL OF JURY TRIAL BY STATE.

    The federal Constitution does not guaranty to citizens the right to a jury trial, except in the courts of the United States; nor does the fact that a prisoner, convicted and sentenced for a criminal offense in a state court, was not given a jury trial, nor entitled to one under the state statute, entitle him to be discharged on a writ of habeas corpus by a federal court, on the ground that his conviction was without due process of law.

    [Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Jury, § 23.]

Habeas Corpus.

J. C. L. Harris & Son, for petitioners.

W. B. Snow, City Atty., and R. D. Gilmer, Atty. Gen., for respondent.

PURNELL, District Judge (orally). It will be noted that the writs in these cases were issued on a day when the Circuit and District Courts were both regularly opened and upon petition which showed that citizens of the state were restrained of their liberties. In basing an argument as to jurisdiction, counsel are inadvertent to the law as enacted in section 609, Rev. St. [U. S. Comp. St. 1901, p. 494], and decided in Robinson v. Satterlee, 3 Sawy. 134, Fed. Cas. No. 11,967, and In re Circuit Court, 1 Dill. 1, Fed. Cas. No. 2,728. Section 752, Rev. St. [U. S. Comp. St. 1901, p. 592], provides the several justices and judges of the said courts, within their respective jurisdictions, shall have power to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty. There is, therefore, no force in the question suggested as to the jurisdiction, though it is proper to be raised in every case, and is the first question the court should consider. Upon petition presented, the writ was properly issued. Bertha Brown was in custody, and the other defendants in the workhouse.

As to the question of a violation of the state Constitution, this court will not consider or construe the state Constitution, but will adhere and follow the decisions of the Supreme Court of the state. The Supreme Court of the state having construed the action of the General Assembly in establishing a similar court, the questions effecting violation of the state Constitution are eliminated.

Does the act of the General Assembly violate the Constitution of the United States? The police powers of the state are not discussed, except incidentally, although the court directed attention to this question. Petitioners rely on the decision of Callan v. Wilson, 127 U. S. 540, 8 Sup. Ct. 1301, 32 L. Ed. 223, opinion by Justice Harlan, and the opinion delivered by Judge Speer, as reported in Jamison v. Wimbish (D. C.) 130 Fed. 351. The first decision is under the fifth amendment of the Constitution, which, with others of the first eight amendments to the Constitution, apply to proceedings in the United States courts. In the argument it was conceded, or, if not conceded, it is the opinion of this court, that the opinion of Justice Harlan is applicable to the federal courts, and has nothing to do with the proceedings in state courts. In the decision or able opinion of Judge Speer in the other case there appears to have been no proceedings (that is, there was no writ sworn out), and there was no opportunity given the defendant to set up a defense (that is, from my reading of the opinion). In that case the defendant was not held by due process of law. I do not know what the law of Georgia is in regard to municipal courts, and it does not make much difference in this decision. In the case at bar a warrant was sworn out by the chief of police on information and belief. As to the case of Bertha Brown, it is said by counsel that, if she does not pay the fine for the nonpayment of which she was committed, she will be put on the roads. That is anticipating something that may be done, but has not been done. It was suggested to counsel that possibly would be peonage; the decision of the Supreme Court being that peonage under the statute is based on the debt and involuntary servitude for the payment thereof. In all the cases at bar there was due process of law in accordance with the state practice. The decision is

found in Clyatt v. United States, 197 U. S. 207, 25 Sup. Ct. 429, 49 L. Ed. 726, that this is peonage—a violation of the statute; the act which authorizes this involuntary servitude for the nonpayment of a fine and cost would be a violation of that statute and the fourteenth amendment of the Constitution. But that has not been done in the Bertha Brown case.

Counsel expressly disclaim, when suggested by the court, that this proceeding was put on the ground of peonage or involuntary servitude, and it was finally conceded by counsel the only question in this case was the denial of trial by a jury. The Constitution of the United States does not guaranty this to any citizen, except in the courts of the United States. Defendants had counsel, or were given the benefit of counsel and summoning witnesses; no objection made to trial court hearing case; no demand made for jury trial. For what reason this court has no right to say. They each went to trial and were guarantied the right of appeal. The proper place to test the question as to the act creating the police court of the city of Raleigh is by appeal to the Supreme Court of the state and by writ of error to the Supreme Court of the United States. The Constitution of the United States does not guaranty the right of trial by jury, except in the courts of the United States. The due process of law provided for in the fourteenth amendment does not apply to state courts under any ironclad rule, but the state has the right to provide the method of trial for its citizens, and trial by jury is not guarantied by the Constitution of the United States, and the court is of the opinion that this point is not well founded.

It is my opinion that this court should not interfere in these cases, and the petitions are therefore dismissed, and the defendants are remanded to the state authorities. An order will be entered to that effect. This ends the case as far as this court is concerned.